J. E. JOSE, Respondent, v. W. F. HOYT et al., Defendants; MRS. A. E. JONES, Appellant.

Kansas City Court of Appeals, May 30, 1904.

MECHANIC'S LIEN: Evidence of Contract: Lien Account. On the record it is held that the statement of an attorney objecting to introducing the evidence did not amount to admission of a contract between the landowner and the alleged contractor, nor did the lien account prove itself or the contract; and it is further held that the account was sufficient though unitemized since it was all of the same kind of raw material furnished at one time.

Appeal from Maries Circuit Court.—*Hon. John W. McElhinney*, Judge.

REVERSED AND REMANDED.

*Pope & Terrill* for appellant.

(1) The evidence fails to disclose any contract between plaintiffs and defendant for the construction of the building into which it is claimed the material went, and the case must therefore be reversed on the following authorities: Hause v. Thompson, 36 Mo. 450; Hause v. Carroll, 37 Mo. 578; Barker v. Berry, 8 Mo. App. 446; Mill Co. v. Brundage, 25 Mo. App. 268; Davis v. Creamery, 63 Mo. App. 477; McDow v. Sturvant, 41 Mo. App. 220; Duross v. Broderick, 78 Mo. App. 260; Lumber v. Steps, 157 Mo. 366; Richardson v. O'Connell, 88 Mo. App. 12. (2) The account filed is insufficient. It is a lumping charge. It does not conform to the requirement of the statute. Mill Co. v. Allison, 71 Mo. App. 251; McAdow v. Milkenberger, 75 Mo. App. 346; Brick Works v. Flanagan, 87 Mo. App. 340; Sweem v. Railway, 85 Mo. App. 87.

*J. O. Holmes* and *Leslie B. Hutchinson* for respondent; *Crites & Garrison* of counsel.

(1) The authorities cited by the appellant in her brief in support of her first contention are not in point as a careful review of the same will show. (2) "Where the presumption is one of fact, the inferences are to be drawn by the jury." Erhart v. Deitrich, 118 Mo. 418. (3) In the case at bar, the court sitting as a jury had a right to infer from the facts proven that there was a contract and the court will not disturb such finding. Bluedorn v. Railway, 121 Mo. 270; Ham v. Barret, 28 Mo. 388; Ins. Co. v. Weid, 11 Wall. 440; 1 Greenleaf on Evidence, sec. 48; Burkholder v. Henderson, 78 Mo. App. 295. The lien account is not of itself a pleading. It may be considered as evidence in the case. McMurray v. Taylor, 30 Mo. 263. (4) There is nothing in the second contention of the appellant. The only case cited by appellant which apparently sustains her position in the case of Planing Mill Co. v. Allison, 71 Mo. App. 251, yet this case holds directly contrary to the contention of the appellant. Mill Co. v. Allison, 138 Mo. 50; Hilliker v. Francisco, 65 Mo. 598. (4) That the mechanic's statute is a remedial one and should be liberally construed is a settled law of this State. Mill Co. v. Allison, 138 Mo. 57; Walden v. Robertson, 120 Mo. 38; Putnam v. Ross, 46 Mo. 237; DeWitt v. Smith, 63 Mo. 263; Burns v. Braun, 35 Mo. App. 343; Steininger v. Raeman, 28 Mo. App. 594.

BROADDUS, J.—This is an action to enforce a mechanic's lien for material furnished. There was a trial and judgment against Hoyt, the alleged original contractor, and Mrs. A. E. Jones, the owner of the realty, who appealed. The grounds relied on for reversal are, that the evidence does not show that she contracted with Hoyt, the builder; and that the lien ac-

count filed is a lumping charge instead of an itemized account.

The evidence showed that plaintiff furnished a part of a carload of sand to Hoyt who plastered the building in question but it did not appear what the quality was. Hoyt hauled the sand from plaintiff's premises during his absence. His contract was to furnish four wagonloads but Hoyt took much more.

The plaintiff relies upon the following facts to show that a contract was made between Mrs. Jones and Hoyt for the work, which was repairing a hotel, viz.:

The lien verified by plaintiff's affidavit and a certain statement of Mr. Pope—Mrs. Jones' attorney—on the trial. When the lien was offered, he said: "I object to the lien being introduced in evidence because it does not comply with the requirements of section 4207 of the Revised Statutes of 1899 in regard thereto, in this that there is no itemized account of the articles charged for, and that there is no statement of the quality of the articles furnished; nor of the price charged for the materials claimed to have been furnished to the original contractor in this case."

It would not be fair to say that the language when liberally construed and taken in connection with the object intended was an admission that there was an original contractor. The incidental remark of an attorney when of an equivocal character as is this should not be so strained in its meaning as to prejudice his client. No one was authorized to take it as an admission because it was not stated to be such. Admissions during the trial are usually stated with explicitness and for the purpose of dispensing with proof of the fact admitted. No such purpose is apparent in this instance.

The respondent is also in error in insisting that the lien paper introduced is evidence of a contract. It did not prove itself. It has never been so held.

It follows therefore that there was no evidence that Hoyt had a contract with Mrs. Jones; for which rea-

son plaintiff was not entitled to recover. Badger Lumber Co. v. K. of P., 157 Mo. 366.

The account in this case was sufficient. It was all of the same kind of raw material and furnished at one time.

Reversed and remanded. All concur.