CARTHAGE SUPERIOR LIME STONE CO., Appellant, v. CENTRAL METHODIST CHURCH et al., Respondents.

Kansas City Court of Appeals, May 29, 1911.

1. MECHANIC'S LIEN: Non-Lienable Articles: Intention: Mixture of Account. The just and true account which must be presented by a party seeking to enforce a mechanic's lien against the owner for material furnished a contractor, must be a just and true account of lienable material, and if there is purposely included non-lienable articles, it will vitiate the lien. And even if they are not purposely, but are innocently, included, if they are so blended with lienable articles as not to be separable, the lien will be destroyed.

2. ———: ———: ———: Instructions. Though an instruction may omit to qualify a statement that a mistake in an account will vitiate a mechanic's lien, by saying that if innocently made it would not affect the lien; still, if no suggestion of that kind or issue of that nature was made at the trial, no objection can be heard on appeal.

3. EVIDENCE: Papers Not in Record. Where objection was made and overruled to the admission of the petition and lien papers in certain suits, such objection cannot be considered if the papers are not found in the record.

4. ———: ———: ———: Pastor of Church: Expert. A pastor of a church, who daily inspected a church building as it was being built, and was familiar with the specifications, may testify as to the dimensions of stone which he saw go into the building, although he was not an expert architect or stone mason.

Appeal from Jackson Circuit Court—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*Charles A. Loomis* and *Richard A. Jones* for appellant.

*James F. Muster* and *Scarritt, Scarritt & Jones* for respondents.

ELLISON, J.—Plaintiff is a company which furnishes stone for the purpose of being put into buildings. In the instance of this controversy, it furnished stone to a sub-contractor, which went into the construction of a large church building in Kansas City, Missouri. Not having received payment of its account, plaintiff instituted this action against the sub-contractor and the defendant church to enforce a mechanic's lien. The judgment in the trial court was for the plaintiff against the sub-contractor for the amount of the account, but was for the church building on the lien. Plaintiff appealed.

It appears that W. H. Johns was the contractor for the erection of the church building and that he sublet the stone work to defendant Donnelly. It also appears that plaintiff has a stone quarry at Carthage, Missouri, and that it furnished stone for the building to Donnelly. But there was evidence to prove that Donnelly had other contracts and that stone furnished by defendants was sent to the yards at Kansas City and used at other places as well as on the church building; and there was also evidence tending to prove that some of the stone included in plaintiff's account was furnished to defendant Donnelly before the contract for the church building was let.

The law is that in order to maintain a mechanic's lien against the owner for material furnished to a contractor, or sub-contractor, it must have been furnished by the materialman for the building and must also have entered into its construction. It is also the law that the party seeking to enforce a lien against the owner must file a just and true account of the material furnished. It must be a just and true account of *lienable* material and if there is purposely included non-lienable articles, it will vitiate the lien. [Dougherty & Moss L. Co. v. Rothbaum (decided this term.)] And though if non-lienable articles are, by mistake, innocently included, it will not vitiate the lien (Hydraulic Press Brick Co. v. McTaggart, 76 Mo. App. 347), yet if they are of such nature, or the facts are such, that the good cannot be separated

from the bad, the whole lien is destroyed. [Dugan Cut Stone Co. v. Gray, 43 Mo. App. 671; O'Brien Boiler Works v. Haydock, 59 Mo. App. 653; Lumber Co. v. Wright, 81 Mo. App. 535.] In Boisot on Mechanics Liens, sec. 428, the rule is stated as follows: "In order to render an error in the claim harmless, it must not only have been innocently made, but must be of such a nature that the elements of a valid lien can be found in the allegations that are correct. Where a mechanic has so intermingled his lien claim with non-lien items that the exact amount for which he is entitled to a lien cannot be readily ascertained by inspection of the claim, the whole lien must fail, whether the error was intentional or unintentional."

With these statements of what appeared in evidence, and what the evidence tended to prove, and the law applicable thereto, we will proceed to examine into errors charged to have been committed at the trial. These are stated to be four in number. The last is the only one of consequence. It relates to instruction No. 5, which directed the jury that if any material quantity of stone was included in the account which was not used in the church building, the account was not a true one and the verdict should be against the lien. Under the law as we have stated it, an instruction in a case of this kind should, ordinarily, be so drawn as not to allow an unintentional mistake to destroy the lien unless the non-lienable material, innocently included, could not be separated from the lienable.

But in this case the plaintiff offered no issue or suggestion of innocent mistake, or that the good items of account could be separated from the bad. No objection of that kind is found until the case has reached this court. A new theory is not allowed in the appellate court.

The next complaint of the trial court relates to the admission in evidence of certain petitions and lien papers in four mechanics' lien suits. There was only

156 App.—43

a general objection to these, but singularly enough they do not appear in the record, and we have no means of determining whether they were properly ruled upon and must assume that they were [St. Joseph v. Pitt, 109 Mo. App. 635.; Cobb v. Holloway, 129 Mo. App. 212]

Plaintiff likewise complains of the court for overruling its objections to questions asked of expert witnesses. The objection was far too general. Under repeated rulings of the Supreme and Appellate Courts, attention should have been called "to the real point in the objection" [O'Neill v. Kansas City, 178 Mo. 91; Bragg v. Met St. Ry. Co., 192 Mo. 331; Kinlen v. Met. St. Ry. Co., 216 Mo. 145.] But aside from that, we think there was no substantial objection to be made.

Complaint is made that the trial court erred in admitting the testimony of Rev. Mr. Linn, pastor of the church, as to the thickness of certain stone, on the ground that he was not an expert, either as an architect or stone mason. The objection was not well taken. Any witness who has observed and examined an article may state its dimensions. The basis or information upon which he founds his statement, is a subject of cross-examination. In this instance the witness had almost daily inspected the material. He was familiar with the requirements of the specifications, and we can see no possible objection to his evidence. He stated nothing that was only or exclusively within the knowledge of an expert architect or stone mason.

The case was well tried, and we must affirm the judgment. All concur.