## E. R. DARLINGTON LUMBER COMPANY, Appellant v. LOUIS E. POTTINGER et al., Respondents.

**St. Louis Court of Appeals.  Argued and Submitted April 1, 1912. Opinion Filed May 7, 1912.**

1. **MISTAKE OF LAW.** A mistake of law excuses no one.

2. **MECHANICS' LIENS: Erroneous Inclusion of Items: Doubtful Items.** While a mistake of law excuses no one, yet, in an action for a mechanic's lien, the materialman is not chargeable with a wrong or a fraudulent purpose or intent, merely because he includes in the statement filed by him certain items which are not lienable, when the determination of the question of whether or not they are lienable presents a question of law and fact and one which is doubtful and difficult of solution.

3. ———: ———: ———: **Statute Construed: "Unintentional" Defined.** "Unintentional," as used in section 8223, Revised Statute 1909, which provides that a materialman is entitled to a lien, although he may have "unintentionally failed to enter in his account filed the full amount of credits to which the debtor may be entitled," means without fraudulent purpose to withhold a credit to which the debtor is entitled, and does not mean an omission of a credit when, in law, the right to the credit or correctness of a charge may be doubtful.

4. ———: ———: ———: **Instructions.** Among the items included in a materialman's lien account were window frames and blinds, delivered to the contractor pursuant to the plans, and actually set into the walls, but afterwards taken out by the direction of the owners.  The materialman's testimony tended to show that he did not know at the time the lien account was filed, that this material, as well as some doors delivered, were not used.  Defendant's testimony contradicted this.  The materialman requested an instruction that an inadvertent or unintentional misstatement of some of the items in the lien account as having been used in the building would not vitiate the whole account, so as to prevent him from obtaining a lien for the items which were correctly stated and which had been used in the building.  *Held*, that it was error to refuse the instruction, under the rule that the erroneous inclusion in the statement of an item which is doubtful in law does not destroy the right to a lien as to the items that are lienable.

5. ——: ——: ——: ——. Whenever section 8223, Revised Statutes 1909, entitling a materialman to a judgment establishing a lien, though he may have "unintentionally failed to enter in his account filed the full amount of credits to which the debtor may be entitled," is applicable to the facts, it is better for the court to instruct as to the meaning of "unintentional," as used therein.

6. ——: Abandonment of Items. Where certain items in a materialman's lien account are questioned at the trial and the materialman voluntarily abandons them, he is bound by his action and cannot obtain a lien for them, although they are lienable.

7. ——: Erroneous Inclusion of Items: Doubtful Items: Instructions. In an action by a materialman to enforce a mechanic's lien, plaintiff requested the court to instruct the jury that, if they found certain materials were called for by the original plans for the building and were actually delivered by plaintiff to the contractor, and were placed in the building, according to the original plans, but were thereafter removed at the instance of the owner and without the knowledge of plaintiff, then the failure of plaintiff to give credit or not to make a charge for such materials would not vitiate the lien account as to the items that were actually used in the construction of the building, although the owner told plaintiff before the filing of the lien account that such materials had not been used in the building. *Held*, that the items, concerning which the instruction hypothesized, were lienable, and although they were abandoned by plaintiff when their correctness was challenged by defendant, under section 8217, Revised Statutes 1909, the instruction should nevertheless have been given, inasmuch as the inclusion of said items in the account could not affect the justness or truthfulness of the account.

8. ——: Lienable Items: Material Removed After Being Installed. A materialman is entitled to a lien for material furnished the contractor in accordance with the original plan and actually installed in the building but afterwards taken out by direction of the owner.

9. ——: Erroneous Inclusion of Items: Inadvertence: Instructions. In an action by a materialman to enforce a mechanic's lien, the account included certain items for material which was furnished the contractor in accordance with the original plan and which was actually installed in the building but was afterwards taken out by direction of the owner. The court, at the instance of the owner, charged that if the lien account contained items for material that had not actually gone into the construction of the building, the verdict should be for defend-

ant owner. *Held*, that the instruction was erroneous for ex-
cluding all consideration of fraudulent intent in including the
items, since, under section 8223, Revised Statutes 1909, even
though they were not liable, if the materialman acted inadvert-
ently or honestly in including them, the lien for the items that
were lienable would not fail.

10. ———: **Foundation of Lien.** Under section 8212, Revised Stat-
utes 1909, giving every person furnishing material for any
building, under a contract with the owner, a lien upon the
building or improvements and upon the land belonging to the
owner, to secure payment for such materials, it is not the
building to which the credit is given, but the owner or contrac-
tor; it being the contract with the owner or contractor and its
performance that gives a materialman the right to a lien.

11. **APPELLATE PRACTICE: Controlling Decision.** The Courts
of Appeals are bound by the decisions of the Supreme Court
and not by a contrary decision of one of the Courts of Appeals.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo
Muench,* Judge.

REVERSED AND REMANDED.

*Rudolph Schulenburg* for appellant.

(1) The court erred in refusing to grant instruc-
tion No. 1 prayed for by plaintiff. Revised Statutes
1899, section 4213; Lumber Co. v. Roeder, 81 Mo. App.
337. (2) The court erred in refusing to grant instruc-
tion No. 2 prayed for by plaintiff. (3) The court
erred in granting instruction No. 1 prayed for by de-
fendant, Doering. Revised Statutes 1899, section 4213;
Johnson v. Building Co., 23 Mo. 546; Schroeder v.
Mueller, 33 Mo. App. 28; Fuller v. Hoffman, 28 Mo.
App. 671; Schulenburg v. Strimple, 33 Mo. App. 154;
Allen v. Mining Co. 73 Mo. 688; Ittner v. Hughes, 133
Mo. 679; Manufacturing Co. v. Mepham, 64 Mo. App.
50; Lumber Co. v. Wright, 81 Mo. App. 535; Lumber
Co. v. Roeder, 81 Mo. App. 337; Lumber Co. v. Ware,
138 S. W. 691; Stone Co. v. Central Church, 156 Mo.
App. 671, 137 S. W. 1028; Uhrich v. Osborn, 106 Mo.
App. 492; Kittrell v. Hopkins, 114 Mo. App. 431. (4)

The court below erred in granting instruction No. 3 prayed for by defendant Doering. Mechanic's Lien Statute, sec. 4203. Lumber Co. v. Schmidt, 130 Mo. App. 227; Rand v. Grubb, 26 Mo. App. 591; Crane Co. v. Reel, 104 Mo. App. 177; Schulenburg & Boeckler v. Johnson, 38 Mo. App. 404.

*Albert E. Hausman* for respondents, Doering.

(1) With the weight of the evidence this court has nothing to do. R. S. 1909, sec. 2023. (2) The trial court committed no error in refusing plaintiff's instruction No. 1 refused, found at pages 13 and 14, abstract of record, for instructions not based upon the evidence should not be given. Stone Co. v. Central Church, 156 Mo. App. 671; Wise v. Railroad, 135 Mo. App. 230; State ex rel. v. Dieckman, 124 Mo. App. 653. (3) The trial court committed no error in refusing plaintiff's refused instruction No. 2, because the first paragraph of said instruction is fully covered by plaintiff's chief instruction found on pages 11 and 12, abstract of record. And the second paragraph of said instruction is erroneous. The material man who knowingly files an account which contains items which he knew did not go into the building, or who knowingly omits a credit, thereby loses his lien. Lumber Co. v. Roeder, 81 Mo. App. 337; Brick Co. v. McTaggart, 76 Mo. App. 354; Eau-Claire v. Wright, 81 Mo. App. 235; Dougherty v. Rothbaum, 156 Mo. App. 215. (4) Th court did not err in giving defendant's instruction No. 1, because if plaintiff at the time it filed the lien account knew that it contained items which had not gone into the building, then no just and true account was filed, and the lien is lost. Lumber Co. v. Roeder, 81 Mo. App. 337; Lumber Co. v. Wright, 81 Mo. App. 535; Dougherty v. Rothbaum, 156 Mo. App. 215; Stone Co. v. Central Church, 156 Mo. App. 671. (5) The court did not err in giving defendant's instruction No. 3. It is a correct exposition of the law as

applied to the facts in this case. A material man must prove that he sold the material on the credit of the building or no lien attaches; and whether or not the sale was so made is a question for the jury. Crane Co. v. Neel, 104 Mo. App. 177; Manufacturing Co. v. Carroll, 72 Mo. App. 315; Fathman v. Ritter, 33 Mo. App. House v. Thompson, 36 Mo. 450. (6) The instructions must be read as a whole and when they are so read, they correctly present every phase of the evidence to the jury.

REYNOLDS, P. J.—This is an action by the materialman to recover a claim for $297.35 for material furnished the contractor who erected a building on a lot in the city of St. Louis, the material to be used in that building, and to have that claim declared a lien on the premises owned by or in which the defendants, other than Pottinger, the contractor, have an interest. The jury returned a verdict in favor of plaintiff against the contractor for the debt but denied the lien. After an unsuccessful motion for a new trial and judgment following the verdict, paintiff has duly perfected its appeal to this court.

It appears that this was the second trial of the cause, the verdict in the first having been set aside on the grounds, among others assigned, that the verdict of the jury in finding against the lien was against the evidence, the weight of the evidence, against the law and against the instructions of the court. At this second trial the lien account in evidence sets out the material claimed to have been furnished and which went into the building with minute particularity as to dates, items, prices and values. Among other items included are two window frames and windows and blinds appertaining thereto, valued at eight dollars and alleged to have been delivered by plaintiff to the contractor at the building, the original plans and specifications of the building calling for

them. The window frames and blinds were actually set into the walls but afterwards taken out by the direction of the owners who wanted the brick openings closed.

The tesimony for plaintiff tended to show that when it filed the lien account, it did not know that these window frames and blinds had not been used. Testimony of the defendants was to the contrary. Another of these blinds said to be worth one dollar, although delivered, was not used because if hung it would have projected over an adjoining lot. That it was not used was not known to plaintiff until that fact was developed at the trial. Seventeen doors were charged for and delivered at the building. Three of the value of seven dollars although called for in the plans and contract, were not used and that fact was not known to plaintiff until it developed at the trial. The total value of these windows, doors and the blind was sixteen dollars. It was also contended at the trial that a cedar post charged for was not used and that four joists furnished were smaller than those charged for, and that a corresponding reduction in price should have been made.. The evidence as to these last two items was conflicting.

At the close of the testimony plaintiff gave a credit of sixteen dollars for the three items first above mentioned.

The errors assigned before us are to the giving and refusal of instructions. Plaintiff asked an instruction, numbered 1, to the effect that an inadvertent or unintentional misstatement of some of the items in the lien account as having been used in the building does not vitiate the whole account nor prevent the obtaining of a lien for the items which are correctly stated and which have been used in the building. This was refused. The court also refused instruction numbered 2, asked by plaintiff, which is to the effect, that plaintiff, at the trial, having given credit for sixteen dollars

for the items above referred to, the court instructs the jury that if under the other instructions the jury returns a verdict sustaining the mechanic's lien against the property, that verdict must not exceed the sum of $281.35 with six per cent interest added thereto from May 19, 1909, to the date of the trial. Following this and as part of the same instruction, and also refused, the court was asked to instruct the jury that if they found "from the evidence that said frames, windows and shutters were called for by the original plans for said building and were actually furnished and delivered by plaintiff to defendant Pottinger for and at said building, that the frames were put and placed in said building according to the original plans thereof, that said frames were, thereupon, and without the knowledge of plaintiff, removed and the same and said windows and shutters were not used in the construction of said building by reason of change of plans caused by defendants, . . . then the court declares the law to be, that the omission or failure on the part of plaintiff to give credit or not to make a charge for said frames, windows and shutters on its lien account and statement . . . does not vitiate the lien account nor prevent the obtention of a lien for those items of lumber and materials, which the jury may find to have been used in the construction of said building, although the jury may also find that defendant Doering (the owner of the premises) told plaintiff before the filing of said lien account, that said frames, windows and shutters had not been used in said building." Error is assigned to the failure to give these two instructions.

The court, at the instance of defendants, gave among other instructions two, which are numbered respectively 1 and 3, the giving of which is assigned as error. Instruction No. 1 told the jury that if they found from the evidence that plaintiff, by any of its managing officers, "at the time it filed its lien account with the

circuit clerk . . . knew that said lien account contained items of material and lumber which had not gone into the construction of the building . . . then your verdict must be for defendants (owners of the premises) even though you believe that said Darlington Lumber Company has offered at this trial to give credit for the items which did not go into the said building." Instruction No. 3 told the jury that there could be no recovery in this action against the owners of the premises, "unless you believe from the evidence that plaintiff . . . sold the lumber and materials here sued for upon the credit of the building being erected or about to be erected" for the owners of the premises, describing the premises. It is also assigned for error that the instructions given to the jury are so conflicting as to tend to mislead the jury.

Taking up the assignments of error on the refusal of the instructions asked by plaintiff, we think the assignments well taken. The first instruction asked, in a very compact and clear way, states the law as applicable to this class of cases. Counsel for respondent argues that the evidence shows that there was neither inadvertance nor unintentional misstatement as to the items in dispute. In making this contention counsel are giving too narrow a construction to the word "unintentional," as used in section 8223, Revised Statutes 1909. That section allows judgment to go sustaining a lien "although the creditor may have unintentionally failed to enter in his account filed the full amount of credits to which the debtor may be entitled." Whether these items referred to, which beyond question were furnished for use in the building, but afterwards either torn out or not used, were or were not lienable, would present to the layman a legal problem which the courts have often had a great deal of trouble in solving. As an illustration of this, we refer to the very recent decision in this court of Darlington Lumber Company v. Westlake Construction Company, 161

Mo. App., 723, 141 S. W. 931. See, also, Fletcher-Crowel Co. v. Chevalier, 81 Atl. Rep. 578, a decision by the Supreme Judicial Court of Maine, handed down November 22, 1911, not yet officially reported, and the very exhaustive collection of cases in a note to this in 74 Central Law Journal, 251, April 5, 1912. It is axiomatic that a mistake of law excuses no one, but even conceding that these items are not lienable, and that they should not have entered into the account, their inclusion here covered questions of law and of fact, and can hardly be held to be a mistake of law alone. Even assuming that plaintiff erred in law as to whether these items were lienable, it would not be fair to say that filing its lien with items over which doubtful questions have arisen, it should be chargeable with a wrong or a fraudulent purpose or intent. "Unintentional," as used in the statute, means without fraudulent purpose to withhold a credit to which the debtor was entitled. It does not mean an omission of a credit when in law the right to the credit or correctness of a charge may be doubtful. [See Hydraulic Press Brick Co. v. McTaggart, 76 Mo. App. 347, l. c. 353.] Our court has said in Eau Claire-St. Louis Lumber Co. v. Wright, 81 Mo. App. 535, referring to decisions holding that the blending of lienable and non-lienable items is fatal to the lien, that this applies only where the mechanic or materialman knew that under no circumstances could the objectionable charge sustain a lien.

This first instruction is practically in the language of section 8223, Revised Statutes 1909, as that section is construed by our court in Eau Claire-St. Louis Lumber Co. v. Roeder, 81 Mo. App. 337. We conclude, therefore, that it should have been given and that it was error to refuse it. We may add that under the facts as in evidence here on a new trial, the like facts appearing, it will tend to aid the jury if they are instructed as to the meaning of "unintentional" as used, and as we have here indicated.

The second instruction asked by plaintiff should have been given. Our statute, Revised Statutes 1909, section 8217, requires the claimant to file "a just and true account of the demand due him . . . after all just credits have been given." It appears that at the trial, when the question arose as to these three items being lienable, the plaintiff gave a voluntary credit for them. While we hold, for reasons hereafter stated, that this was more than it was obliged to do, having abandoned these items in its account, plaintiff is bound by its voluntary action. But although plaintiff eliminated these items from its account at the trial, as the effect of their presence was before the jury by instructions asked by and given for the defendant, we think it proper to meet the proposition involved, and determine whether a lien could have been had for these materials which were furnished by plaintiff to the contractor for use in the building and afterwards taken out and not premitted to remain in the building by reason of a change of plans, carried out or consented to by the owners. It is true, as before stated, that at the trial the plaintiff allowed credit for these items and therefore cannot have a lien for them, but surely if such things were lienable, as we hold they were, including them in the lien account could not affect the justness or truthfulness of the account, even though the plaintiff, at the trial out of abundant caution, allowed credit for them. As the first and third instructions given at the instance of defendant state the contrary, they were wrong. These two instructions are erroneous for a further reason. They exclude all consideration of absence of fraudulent intent in including these items. Under this instruction, however inadvertently or honestly plaintiff may have acted in including these items, the lien must fail. That is not the law. See Carthage Superior Limestone Co. v. Central Methodist Church, 156 Mo. App. 671, 137 S. W. 1028, as well as cases before cited.

The third instruction, to the effect that there could be no recovery against the owners of the premises unless the jury believed from the evidence that the plaintiff sold the lumber and material sued for *upon the credit of the building* being erected or about to be erected for the defendants as owners of the premises, is also erroneous for another reason.   Under our statute (Sec. 8212, R. S. 1909), every mechanic or other person who shall do or perform any work or labor upon or furnish any material, etc., for any building, erection or improvement upon land "under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of this article, shall have for his work or labor done, or materials, fixtures, engine, boiler or machinery furnished, a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated, . . . to secure the payment for such work or labor done, or materials, fixtures, engine, boiler or machinery furnished as aforesaid."   We are unable to understand that this implies that the credit is given to the building.   The credit is given to the owner or the contractor as the case may be and is not given to the building.   It is true it may be given to the owner or contractor on the faith of the building, on the faith and belief that it is to be used in the construction or improvement of the building and, save in case of leased premises, on the faith and belief that it is to be put upon the lot or ground upon which it is situated, and that from these a lien upon the premises follows. But that is a very different proposition from the one set out in this third instruction.   The material must be furnished under a contract with the owner or with the contractor as that owner's agent.   It is the contract and performance of it that gives rise to the right to a lien: it is in the contract that the lien has its incep-

tion. [Badger Lumber Co. v. Stepp, 157 Mo. 366, l. c. 382, 57 S. W. 1059. See also Riverside Lumber Co. v. Schmidt, 130 Mo. App. 227, l. c. 231, 109 S. W. 71.] It is true that in Hause v. Thompson et al., 36 Mo. 450, an instruction, one of several, was approved, in which it was said that to entitle plaintiff to recover it must appear that the material was sold and delivered "upon the credit of the property accruing," but in the light of subsequent cases we do not think that this point was in the mind of the court when this, with other instructions, was approved. Moreover, it is there said that the instruction was approved "as applicable to the case made by the pleadings and evidence." The report of the case does not give either; especially does not set out the contract. In Badger Lumber Co. v. Stepp, supra, the Supreme Court distinctly placed the initial right to the lien on the contract. In Fathman & Miller Planing Mill Co. v. Ritter, 33 Mo. App. 404, Judge THOMPSON, speaking for this court, says (l. c. 407), that the materials must be furnished "on the faith or credit of the structure into which they enter." But the question there in decision was the sufficiency of the statement. It is held that the statement in the case was defective because it failed to allege that the materials were furnished *for* the building. But holding the lack of averment that the material was for the building is very different from holding that the material was furnished on the credit of the building. If it is meant to hold otherwise, then the decision in Fathman & Miller Planing Mill Co. v. Ritter can hardly be reconciled with the decision of our Supreme Court in Badger Lumber Co. v. Stepp, supra, and as we are bound by the latter, we are bound to disapprove of the words above quoted from the Fathman case.

For the errors which we have pointed out, the judgment of the circuit court must be and is reversed and the cause is remanded. *Nortoni* and *Caulfield, JJ.,* concur.