JOHN H. BERRY, et al., Respondents, v. ROMBAU-
ER COAL COMPANY, et al., Appellants.

Kansas City Court of Appeals, November 5, 1917.

1. **MINE LABORER:** Account: Assignee. Miners laboring in a coal
mine may assign their labor accounts and the assignee may en-
force their lien against the mining property.

2. ————: Laborer: Lien: Separate Accounts. An assignee of mining
laborers' lien claims for labor may bring one suit for all the claims;
but in order to enforce a lien he must file a separate lien account
with the circuit clerk within the time limited for filing lien papers.

Appeal from Adair Circuit Court.—*Hon. C. D. Stewart,*
Judge.

REVERSED.

*Campbell & Ellison* for appellants.

*S. W. Mills* for respondents.

ELLISON, P. J.—Plaintiff is the assignee of a
large number of accounts of a large number of laborers
in the coal mines of the Rombauer Coal Company, and
as such brought his action to enforce the lien of such
miners against such company and the Davis Creek
Coal Company, to enforce a single lien for such indeb-
tedness. Such lien having been filed with the circuit
clerk as a single lien paper embracing all the accounts.
He obtained judgment for enforcement of the lien in
the trial court. The Davis Creek Coal Company was
joined as a defendant by reason of being a purchaser of
the mining property under a deed of trust sale.

The statute (section 8436, Revised Statutes 1909)
gives a miner a lien for his wages against the owner's
mine and the property connected with its operation,
to be enforced upon the terms and procedure for
mechanics' liens.

Turning to the statute we find it is provided in the general lien law, section 8266, that the assignee of a mechanic's lien claim "may bring suit in his own name, and include in such suit all claims assigned to him, and enforce such assigned lien or liens as fully as if such claims had been filed by the original claimant." And we find it further provided in the mechanic's lien statute (section 8217) that a day laborer shall file his lien within sixty days after the accrual of his account.

But these claims remain separate, each depending upon its own merit and liable to whatever defense there may be to it, either as a demand, or as to its right of enforcement by lien. They may all be joined in one suit by the assignee, but, necessarily, he must file a separate lien for each; since each has its distinct contract to support it, and each has its distinct time of accrual to govern .the. limited time when a lien for its enforcement must be filed. Thus, as we have said, section 8217 of the mechanics' lien law requires a day laborer to file his lien claim with the circuit clerk within sixty days "after the indebtedness shall have accrued." In Allen v. Frumet Mining Co., 73 Mo. 688, 693, 694, it is said that, "It is essential to the validity of a mechanic's lien that it should be filed within a stated period after the date of the last item of the account, and when the materials or labor have been furnished under distinct contracts it is necessary that the lien should be filed under each contract within the time limited." This is approved later when it was said that, "Materials furnished under distinct contracts cannot be mingled in one account, and a lien obtained for the aggregate." [Badger Lumber Co. v. Knights of Pythias, 157 Mo. 366, 384.] To the same effect is Lumber Co. v. Harris, 107 Mo. App. 148, 153. In the case under consideration there were not only services rendered under distinct contracts, but the contracts were with different persons. and thus for a greater reason they constitute distinct liens, the papers for which must be separately filed with the circuit clerk within the period of the limitation for each.

The labor accounts aggregate $708.50 and the judgment rendered was for $817.19. The difference is made up by an item of lumber furnished which is placed at the foot of the labor account and is included in the one lien paper.

There is no date to it or other means to ascertain when it was furnished, or when the time limited began to run.

The judgment must be reversed. All concur.