OWENS, Respondent, *vs.* TINSLEY & TINSLEY, Appellants.

1. The supreme court will not review the discretion exercised by the inferior court in overruling an application for a continuance upon an affidavit that the *party* could not be present at the trial by reason of sickness.
2. Where the transcript in the court to which a cause has been taken by change of venue contains a statement that the answer "is not to be found," a rule upon the clerk to send a perfect transcript, with the omission supplied, may be properly refused.
3. Where an original answer is lost, and an entry is made upon the record that "by consent of parties," the defendant may file an answer within a specified time, judgment may be rendered by default if no answer is filed within the time limited.

*Appeal from Platte Circuit Court.*

The case is stated in the opinion of the court.

*Vories,* for appellant.    1. The judgment should be reversed for the improper exercise of discretion by the Circuit Court. The defendant's answer had been lost without his fault, and he was prevented by sickness from being present to file a new one; and the court refused either to continue the case, or grant a rule for a perfect transcript. (1 Mo. 529.   6 Mo. 544.   9 Mo. 18.)    2. No judgment by *default* could be rendered against the defendant.   He was not in default.   (1 Tidd's Practice, 609.)

*Abell & Stringfellow,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

William A. Owens commenced his suit by petition against James Tinsley and James H. Tinsley, in the Clay Circuit Court, at the February term, 1852, upon a promissory note, for three hundred and ten dollars.

The record shows that, on the 19th day of August, 1852, the defendants filed their answer to the plaintiffs' petition. The record also states that the " answer is not found among the papers." On the 10th November, 1852, the record shows that the plaintiff filed his replication to the defendants' answer. The cause was then continued.

In April, 1853, on the petition of the defendants, the venue in this cause was changed to the Platte Circuit Court, in another and different judicial circuit, on account of the prejudice, as alleged, of the judge of the Clay Circuit Court. Afterwards, at the September term, 1853, of the Platte Circuit Court, the plaintiff, Owens, suggested a diminution of the record; thereupon, it was ordered, that the clerk of the Clay Circuit Court send up to the Platte Circuit Court the original note sued on in this case.·

Afterwards, on the 12th day of September, 1853, the defendants file their objections to the depositions taken in the case, and file their motion to suppress the depositions. This order also appears on the record : " Defendants also have leave, by agreement of parties, to file their answer at any time during the present week of this term." On the 17th September, the motion to suppress depositions was taken up and over-ruled. On the 22d of September, 1853, judgment was rendered by the Platte Circuit Court against the defendants, for the want of an answer. On the 24th of September, the defendants filed the motion for a new trial, assigning as reasons, in support thereof : 1st, Because the court refused to continue the cause on the application of the defendants ; 2d, Because the court refused to grant defendants a rule on the clerk of the Clay Circuit Court to send up a perfect transcript of the record in this cause ; 3d, The court erred in giving judgment against the defendants as for want of an answer, when the record shows that an answer had been filed and a replication thereto, and issues taken thereon ; 4th, The court had no right to try this cause, and make the finding under the circumstances.

The record shows that an execution issued on this judgment,

Owens *v.* Tinsley.

against the defendants; that the defendants, on the second day of February, 1854, filed their petition for an injunction; that an injunction was granted; that on the 7th of March, 1854, the defendant, in the petition for the injunction, filed his answer, and afterwards his motion to dissolve the injunction. On the 21st March, 1854, the motion heretofore made at the last term for a new trial, was taken up, argued, and by the court overruled. The court dissolved the injunction, and, by agreement of the parties, assessed the damages without a jury; the damages were assessed at five per cent., making the sum of $18 66. The defendants, in the original action, prayed an appeal to the Supreme Court, which was granted. They have brought the cause here, and now complain that the Circuit Court improperly refused to continue the same, when it was called for trial.

In looking into the bill of exceptions, I find that the affidavit of Felix Braden is relied on as the ground for the continuance. This states that one of the defendants is an old and an infirm man, the father of the other defendant; that the old man has mostly relinquished all care and attention to business, and that the other defendant, the son, manages and attends chiefly to all the business for his father and himself; that a few days before the application for the continuance was made, the son was accidentally shot through his thigh and was confined to his bed, unable to come to court; and that he sent the said Braden to bear the news to his lawyers. This affidavit does not set forth a sufficient cause for a continuance; for aught that appears, all the witnesses, and all the testimony that the defendants had, might then have been present at the court. The bare old age and infirmity of body of one defendant, and the accidental wounding of the other, though he was the chief business man of the two, is not such a cause for continuing the case as to render the refusal to continue error. The Circuit Court had a discretionary power in this matter, and we cannot see that the same has been unsoundly exercised. There was nothing to be gained to the defendants by making a rule on the clerk of the Clay Circuit

Court to certify up a perfect and complete transcript. That clerk had stated that the answer of the defendants was not to be found. To grant this rule, then, at that time, would have only been indirectly granting a continuance, without the probability of getting a more perfect transcript. The Circuit Court, therefore, might very properly refuse to make this rule. The only remaining ground of complaint then, is, the giving of the judgment against the defendants for want of an answer.

This, indeed, presents the only matter worthy of reflection or consideration in the case. Here the defendants had, on a plain promissory note for the payment of money, obtained a change of venue from one judicial circuit to another, by alledging the prejudice, as they supposed, of the judge of the circuit in which the suit was commenced. In certifying the transcript, as the law directs, the clerk cannot send a copy of the defendant's answer, because the answer is not to be found among the papers in his office. He sends the transcript and states the loss of the answer, or rather that it cannot be found. This record, thus sent, remains in this condition for some six months, when an order is made, by the agreement of the parties, that "the defendants have leave to file their answer at any time during the present week of this term of the court." This order was made on the 12th of September, 1853, which was Monday. On the 22d of the same month, ten days after this order had been made, no answer is filed, and a rule prayed for on the clerk of the Clay Circuit Court to send up a perfect transcript of the record in his office, including the answer, although, by agreement of the parties, leave had, ten days before, been given defendants to file an answer any time during a week. It behooved the defendants, on whose application the change of venue had been obtained, to see that the transcript had been properly made out and filed. All that could be done by the plaintiff had been: he agreed that the defendants should file their answer in the Platte Circuit Court ; that they should have the week to file it in. He waited until the tenth day after this agreement before the case was called for trial. The defend-

ants, having failed to file their answer as a substitute, the court below acted properly in giving judgment against them, when the case was called, as for want of an answer. It was all that could be done. There was an agreement to file the answer, and the failure to comply with this agreement, is justly punished by giving judgment against them by default for want of such answer. The agreement by the parties for the defendants to file an answer, must be considered tantamount to an admission that no answer had been theretofore filed, at least that no available answer had been filed, and when the failure to file an an-answer, according to the agreement, happened, there was no other alternative left but to render judgment by default for want of such answer. Upon this ground, also, we find no error in the court below.

The defendants have likewise had the benefit of their injunction. They have filed their bills setting forth their grounds, on which they rely for relief against this judgment. The plaintiff, in the original suit, answered this bill under oath; the court dissolved the injunction. Upon the whole case, we are satisfied that no injustice has been done to the defendants ; no errors committed to their prejudice, and that the judgment below should be affirmed, which is done accordingly ; the other judges concurring.