JOHN P. BRIDLE and CHARLES S. FITCH, Respondents, v. JACOB GRAU, Appellant.

1. *Justice's Court — Trial — Consolidation of Suits.*— The action of a justice of the peace in consolidating different suits is improper if thereby the amount in controversy will be increased beyond the jurisdiction of the justice, even where they are brought by plaintiff against the same defendant, and are based upon causes of action which, under the statute, may be joined and determined in the same suit.

2. *Justice's Court — Jurisdiction.*— But where judgment is rendered for an amount within the jurisdiction of the justice, without exception on the part of plaintiff, it will be permitted to stand for that amount, notwithstanding such order of consolidation.

3. *Justice's Court — Appeal — Amount of Judgment.*— Upon appeal trial in the Circuit Court, judgment for a larger sum than that within the jurisdiction of the Justice's Court is erroneous.

*Appeal from St. Louis Circuit Court.*

*Haeussler*, for appellant.

I. After the consolidation there was but one cause, and it should have been dismissed as being for a sum greater than the jurisdiction of a justice's court; and nothing that defendant did, either before the justice or the court below, could give jurisdiction.

II. Plaintiffs should have brought this suit in the proper court having jurisdiction, or should have given a voluntary credit so as to reduce the amount. This they failed to do, and they certainly had no right to split their account. If this were allowed nearly

half the cases brought in this court could be so split up and a person annoyed with a dozen of these petty suits, and certainly the law never contemplated any such thing. (Sykes v. Planters' House, 7 Mo. 477; Wagner v. Jacoby, 26 Mo. 532; Smith v. Jones, 15 Johns. 229, *n.*; Willard v. Sperry, 16 Johns. 121, *n.*; Witherell v. Inhabitants, etc., 5 Blackf. 357; Alex v. Peck, *id.* 308; Swift v. Woods, *id.* 97.)

*Hospes*, for respondents.

FAGG, Judge, delivered the opinion of the court.

The respondents, publishers of a paper in the city of St. Louis called "The Daily Western Stage," instituted two suits by attachment before a justice of the peace against the appellant, each founded upon an account for advertising. One, for the sum of ninety dollars, was commenced on the 31st day of January, 1867; and the other, for twenty-nine dollars, on the 2d day of February following. These suits were consolidated by the justice, on motion of the defendant. An additional motion to dismiss the cause thus consolidated, for want of jurisdiction, was overruled, and upon a trial judgment was given for plaintiffs in the sum of ninety dollars. An appeal was taken by the defendant to the Circuit Court of St. Louis county, where a similar motion to dismiss for want of jurisdiction was made and overruled. The cause was then tried *de novo*, and a verdict being found by the court sitting as a jury for the amount of both accounts, judgment entered accordingly, and an appeal duly prosecuted to this court.

It is manifest that the order of the justice to consolidate the two suits was improper. In a case where more than one suit has been brought by a plaintiff against the same defendant, and they are based upon causes of action which, under the provisions of the statute, may be joined and determined in the same suit, it is expressly provided that they shall not be consolidated if thereby the amount in controversy will be increased beyond the jurisdiction of the justice. The effect of the consolidation in this case was to make the whole amount claimed exceed his jurisdiction. Notwithstanding the action of the justice upon the motion to consolidate,

the amount for which judgment was actually rendered was within his jurisdiction.

Whether that was the precise amount found on the trial, or whether a larger sum was ascertained to be due, and the plaintiffs remitted and released so much as exceeded the jurisdiction of the justice, does not appear from the transcript. There was no appeal taken from the judgment of the justice by the plaintiffs, and it may very well be assumed that the excess was remitted. At all events, they seem to have been satisfied with the amount of the judgment rendered, and the Circuit Court ought not to have gone beyond it.

The error of the court below, then, was simply in rendering a judgment for a larger sum than the amount shown by the transcript of the justice; that will be corrected by entering judgment here for the sum of ninety dollars, with costs.

The judgment of the Circuit Court, rendered at general term, will be reversed, and judgment given for respondents for the sum above stated. The other judges concur.