FREDERICK GERBER, Respondent, v. J. CRESAP McCOY, Appellant.

St. Louis Court of Appeals, November 9, 1886.

1. JUSTICES OF THE PEACE—JURISDICTION—PRACTICE.—That a suit before a justice on a contract is improperly joined with one in tort, is not jurisdictional unless the aggregate of both claims exceeds the amount of the justice's jurisdiction.

2.   ——— Appeals—Dismissal of Part of Cause of Action.—On ap-' peal from a justice, the plaintiff may dismiss a part of his cause of action, notwithstanding the statute which requires that the same case which was tried before the justice shall be tried on appeal.

3.   Practice—Continuance.—An application for continuance, on the ground of the absence of a party who is a material witness in his own behalf, stands on the same footing as one made on account of the absence of any other material witness.

4.   ——— The necessary absence of a party to a suit gives him no legal right to have his suit continued for that reason alone.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

NAPTON & FROST, for the appellant: Actions *ex contractu* and *ex delicto* can not be joined in the same petition. *Phillips v. Flynn,* 71 Mo. 424; *Sumner v. Tuck,* 10 M. A. 269; *Threman v. Goodnight,* 17 M. A. 429.

EDGAR FLEMING and D. D. FASSETT, for the respondent: The misjoinder is an irregularity which does not go to the jurisdiction. *Southworth v. Lamb,* 82 Mo. 247. The circuit court properly permitted the dismissal of a part of its cause of action. *Transier v. Railroad,* 54 Mo. 191.

ROMBAUER, J., delivered the opinion of the court.

This suit was instituted before a justice of the peace. The plaintiff's statement contained two causes of action, one seeking to recover damages for breach of contract, the other damages for a tort. The plaintiff laid his damages at one hundred dollars, and at one hundred and fifty dollars, respectively, in the two causes of action. There was a verdict in favor of the plaintiff for eighty-six dollars, and the justice rendered a judgment accordingly, from which the defendant appealed to the circuit court.

In the circuit court the defendant moved to dismiss on the ground that the justice had no jurisdiction. The court overruled this motion and permitted the plaintiff to elect on which of the two causes of action he would proceed. The plaintiff thereupon elected to proceed on the cause of action founded on contract, and dismissed as to the other.

The defendant's counsel thereupon filed an application for a continuance, stating in his affidavit that the defendant was necessarily absent, and was a material witness in his own behalf. The facts which the defendant would testify to, if personally present, were set out in the affidavit. The plaintiff conceded that the defendant would so testify, and consented that his affidavit might be read in evidence under the provisions of section 3596, Revised Statutes, whereupon the court refused to grant a continuance. The trial resulted in a verdict of one hundred dollars for the plaintiff, who remitted fourteen dollars of his recovery, and judgment was entered for eighty-six dollars in his favor.

The errors assigned by the defendant on this appeal are :

1. The court's action in overruling his motion to dismiss, and in permitting the plaintiff to elect.

2. The refusal of the court to continue the cause.

3. The admission of illegal testimony offered by the plaintiff.

I. The first assignment is untenable. The statement was defective in joining two causes of action which cannot legally be joined in the same suit, but as the justice had jurisdiction of both, and as the aggregate damages claimed did not exceed the jurisdiction of the justice, in either contract or tort, the defect was not jurisdictional.

Nor was the cause of action changed upon re-trial in the circuit court. The statute provides that "the same cause of action, and no other, that was tri.1 before the justice shall be tried before the appellate court, upon the appeal," but it does not provide that where a party tfies

several causes of action before a justice at the same time, and in the same suit, he is bound to re-try them all on appeal, or else fail altogether. The plaintiff was under no obligation to join his causes of action in the same suit in the first instance, and he could abandon either of them, either before the justice, or in the circuit court, where the cause is tried *de novo*.

The question in such cases is, at most, one affecting costs, and no question as to costs has been saved in this record.

II. The court committed no error in refusing a continuance. The application, as disclosed by the affidavit, was made because the defendant was a material witness in his own behalf, and to that extent the application was sustained by permitting the reading of the affidavit in evidence.

If the presence of the defendant at the trial was essential in other respects, the affidavit fails to disclose it. The necessary absence of a party does not give him a legal right to have the trial of his cause continued. *Owens v. Tinsley*, 21 Mo. 425.

The last objection is likewise untenable. The evidence complained of is that of the plaintiff, who, when examined in his own behalf, went on in a rambling way, stating at times matters of hearsay. The questions put to the witness were unobjectionable, although part of his answers were unquestionably objectionable. The court endeavored to confine the witness to the statement of facts which were legal evidence, but was not entirely successful in this endeavor. The only proper course in such cases is to confine the objection to such parts of the witness' answer as are liable thereto, and have them withdrawn from the consideration of the jury. This was not done in the present case.

All the judges concurring the judgment is affirmed.