RIVERSIDE LUMBER COMPANY, Respondent, v. SCHMIDT et al., Appellants.

St. Louis Court of Appeals, March 31, 1908.

1. PRACTICE: Continuance: Enforced Absence of Party: Discretion of Court. Whether the enforced absence of a party to a cause of action is a good reason for a continuance is to be determined by the trial court. In an action against a husband and wife, where the application for a continuance was made on the ground that the wife was sick and unable to attend the trial, a statement of what she would swear to if present was admitted and her husband was present at the trial. The trial court did not abuse its discretion by overruling the application.

2. MECHANICS' LIEN: Pleading: Materials Furnished for the Building. In an action by a subcontractor to enforce a mechanic's lien, where the petition alleged that two of the defendants were owners of the building against which the lien was sought, that another of the defendants was the original contractor with them for the erection of the building, that the materials furnished by the subcontractor "were furnished for and used in its construction, this was a sufficient allegation that the materials were furnished pursuant to a contract between the contractor and the owner for use in the building. It was not necessary to allege that the material was sold "on the credit of the building."

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Wilson Cramer, W. H. Miller* and *Robt. L. Wilson* for appellants.

(1) It is the duty of the materialman to inquire how far the materials are proper in quality and quantity for the building he is furnishing materials. And the law does not relieve the materialman from making inquiry into the nature of the building he proposes to furnish materials. Phillips on Mechanic's Liens (3 Ed.), sec. 161. (2) The court committed error in overruling the application of defendants for continuance. The defendant, Mattie V. Adams, was a material witness in her own behalf and that of her codefendants. Barnum v. Adams, 31 Mo. 332; McLane v. Harris, 1 Mo. 700; Turnstall v. Hamilton, 8 Mo. 501. (3) It was held by the trial court that when plaintiff admitted that Mrs. Adams, if present, would testify to the facts stated in the affidavit, that there was no reason for a continuance and defendants must go to trial. Section 687, Revised Statutes 1899, still leaves it in the discretion of the trial court whether the case shall proceed to trial, and in this case we insist, under the circumstances, the discretion exercised was unsound judicial discretion. Elsner v. Knights and Ladies of Honor, 98 Mo. 640; Geary v. Railway, 138 Mo. 251. (4) In the case at bar, the petition did not charge nor did the evidence show that the material was furnished for and upon the credit of the building. Crane Company v. Neal, 104 Mo. App. 177; Deardorff v. Everhartt, 74 Mo. 37; Grace v. Nesbitt, 109 Mo. 9; Current River Co. v. Cravens, 54 Mo. App. 216.

*Ed. L. Drum* and *Frank Kelly,* for respondent.

"It was not shown that the respondent's personal presence at the trial was indispensable to secure for him a full and fair trial. Thus it will be seen that the facts of the case bring it within the rule stated in Owens v. Tinsley, 21 Mo. 425, where it was held that the unavoidable absence of the defendant furnished no ground for a continuance." Hurck v. St. Louis Exposition, 28 Mo. App. 630. "Granting continuances must rest largely in the discretion of the trial courts, who are in much better position to judge of their merits than this court can possibly be; hence the well-settled rule uniformly adhered to by this court, that unless it is clearly obvious that this discretion has been abused, this court will not disturb the action of the trial court upon such applications." State v. Cummings, 189 Mo. 641; Blair v. Railway, 89 Mo. 395; State v. Kleger, 43 Mo. 127. The application fails to show any probability of procuring the testimony of the witness at the next term. Simply stating that it will be produced is not sufficient. State v. Wilson, 85 Mo. 134; State v. Woodward, 182 Mo. 391.

GOODE, J.—Plaintiff seeks to enforce a mechanic's lien against a house and lot owned by defendants Mattie V. Adams and Ben H. Adams, husband and wife, in the city of Cape Girardeau. Those parties had let a contract to defendant A. J. Schmidt to erect a house on their lot according to prepared plans and specifications, and for the price of $1,765. Schmidt bought lumber for the house from plaintiff and having failed to pay for it, a lien was filed against the property for $897.83, which lien is the subject-matter of the present action. In their answer, after stating the contract with Schmidt, Mr. and Mrs. Adams say Schmidt abandoned the job long before the house was completed and has neither finished the building nor employed any one else to finish it;

Lumber Co. v. Schmidt.

that they paid Schmidt while the work was in progress $1,600 on the contract price and the cost of completing the building from the stage in which he abandoned his contract would be $700.   They deny plaintiff furnished Schmidt all the items of lumber charged in the lien account, deny the prices agreed on between plaintiff and Schmidt for the different articles of lumber set out in the lien account were as large as stated, or that all the articles specified went into the building.   Other statements are made in the answer which are irrelevant to the points to be determined on the appeal.

When the case was called for trial a continuance was requested by defendant because Mrs. Adams was ill and unable to attend court.   An application for a continuance was filed, stating her illness and that she was needed at the trial to suggest to her attorney, she having supervised the construction of the house.   Besides this statement in the application, Mrs. Adams was said to be an important witness and what she would testify if present was stated.   The application was accompanied by a certificate of a physician, stating Mrs. Adams was in infirm health, had been under the professional care of the physician for some time and was unable to make the trip to the county seat of Cape Girardeau county without great injury and peril to her life. It is contended for plaintiff this certificate of the physician is not part of the record as the abstract does not show it was included in the bill of exceptions, or that it became a part of the record proper by being attached to any pleading or document.   This abstract is like many others we have to deal with.   It is defective in not distinguishing clearly between entries which belong to the record proper and matters which ought to be in the bill of exceptions; but this irregularity is unimportant in the present instance.   Plaintiff's counsel admitted Mrs. Adams, if present, would testify according to the statements in the application, and because of this admis-

sion the court overruled the motion for a continuance. Complaint is made of this ruling as an improper exercise of judicial discretion. A careful study of the record has satisfied us it worked no prejudice to the rights of the defendants and ought not to cause a reversal of the judgment. The enforced absence of a party to a cause of action is not always good reason for a continuance, and whether in a particular case it is or not, is to be determined by the trial court. It is true a refusal to continue for the absence of a party to the action, is treated as reversible error when the absence was unavoidable and the appellate court thinks harm was done by compelling a trial. Defendants had the benefit of what Mrs. Adams would have testified, and as her husband was able to be present at the trial, it is not manifest that the court below exercised its discretion unjustly. The decision of the point is controlled by these precedents: Ownes v. Tinsley, 21 Mo. 423; Gerber v. McCoy, 23 Mo. 295; Hurck v. St. Louis Exposition, 28 Mo. App. 629.

It is insisted the judgment ought to be reversed because the petition wholly fails to state a cause of action in omitting to allege the lumber was furnished for and on the credit of the building. What the petition says as to this matter is: "Said materials were furnished for and used in the construction of a certain two-story frame building, improvements and appurtenances thereto, and situated on the following described ground," etc.; and next that the property, at the dates the lumber was furnished and at the date the action was brought, was the property of and owned by Ben H. Adams and Mattie V. Adams, and that Schmidt was the original contractor with them for the erection of the building. In order for a materialman to become entitled to a lien on a building erected for the owner by a contractor, the materialman must furnish the material to the contractor pursuant to a contract between the

latter and the owner for use in the building and it must be used in the building. [R. S. 1899, sec. 4203; Badger Lumber Co. v. Stepp, 157 Mo. 366, 57 S. W. 1059.] It was conclusively shown the material in question was furnished under such circumstances for use in the building said contractor was erecting for Mr. and Mrs. Adams, and shown, too, the material was used in the building. If it is essential to state, the material was furnished under a contract between the material-man and the owner, the present petition complies sufficiently with that requirement. [McLaughlin v. Schawacker, 31 Mo. App. 365.] We know of no case which holds a lienor must aver in a petition to enforce his lien that he sold the material on the "credit of the building;" but on the facts stated and proved in the present case it is to be presumed plaintiff sold the lumber in reliance on the security the lien law afforded and not solely on the personal responsibility of the contractor Schmidt. [Stevens Lumber Co. v. Kansas City Lumber Co., 72 Mo. App. 248, 261; Western Sash & Door Co. v. Buckner, 80 Mo. App. 95, 101.] We consider the petition good. [Schulenberg, etc., Lumber Co. v. Johnson, 38 Mo. App. 404.]

The judgment is affirmed. All concur.