# EDWARD KOESTER, Respondent, v. JOHN LOWENHARDT, Appellant.

**St. Louis Court of Appeals. Argued and Submitted October 9, 1913. Opinion Filed November 4, 1913.**

1. **JUSTICES' COURTS: Jurisdiction: Amount in Dispute: Pleading: Amendment.** All of the items of damages pleaded in a complaint filed before a justice of the peace of the city of St. Louis aggregated $209. The prayer asked for actual damages for $221 and punitive damages for $279. Among other items of damages pleaded, was one for which $19.75 was claimed, and after setting this out, the complaint stated, "for which plaintiff asks judgment in the sum of $19.75." *Held*, that notwithstanding the amounts prayed for in the prayer, added to the $19.75 item, exceeded the jurisdiction of the justice, which is limited to $500, yet, in view of the fact that the total actual damages claimed, including this item, amounted to only $209, this item will be considered as being covered by the general prayer for $221, and hence the circuit court, on appeal, did not err in striking out the specific prayer for $19.75, so as to make the amount prayed for come within the jurisdictional limit of the justice.

2. ———: **Appeal: Trial De Novo.** The same cause must be tried in the circuit court, on appeal from a judgment rendered by a justice of the peace, that was tried before the justice.

3. ———: **Pleading: Construction.** Statements of causes of action filed with justices of the peace are to be construed with great liberality.

4. ———: **Pleading: Misjoinder: Action Ex Contractu and Ex Delicto.** A statement, in an action instituted before a justice of the peace, for damages for breach of contract to move household goods from one dwelling to another, asked also for punitive damages for injuries negligently and wantonly caused to the goods. The latter claim was abandoned in the justice's court and was not pressed in the circuit court, on appeal. *Held*, that there was no misjoinder of two separate causes of action.

5. ———: **Appeal: Trial De Novo: Amount of Recovery.** Under Sec. 7579, R. S. 1909, providing that, on appeal from justices' courts, the case shall be tried *de novo*, without regard to any errors committed by the justice, a plaintiff who recovers a judgment before a justice, from which the defendant appeals, is not limited, in the circuit court, to the amount of such judgment, even though he took no appeal.

6. **CONTRACTS:** Excuse for Nonperformance. One who employed a drayman to move his household goods from one dwelling to another was under no obligation to inform the drayman that the street over which the goods would have to be handled was new and soft, and the failure to give such information was not a defense to an action for damages for unloading the goods in a vacant lot, especially as the rain which caused the soft condition came after the goods were loaded by the drayman.

7. **DAMAGES.** Sufficiency of Evidence: Witnesses. Where, in an action for damages to goods, plaintiff showed that he was competent to testify on the question of damages, his testimony alone was sufficient proof of such damages.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*D. J. O'Keefe* for appellants.

(1) The amount sought to be recovered in this action, as appears upon the face of plaintiff's amended petition, being the sum of $519.75, and not within the jurisdiction of the justice of the peace court of the city of St. Louis, where this action originated, the defect could not be cured by the amendment permitted and made in the circuit court where the cause was pending on appeal so as to bring the subject-matter of the suit within the jurisdiction of the court. Webb v. Tweedie, 30 Mo. 488; U. S. Fidelity & Guaranty Co. v. Feed Co., 100 Mo. App. 724; Ruckert v. Richter, 127 Mo. App. 664; Severn v. Railroad, 149 Mo. App. 631. (2) There was no evidence submitted in this case to prove the value of the damage plaintiff's property sustained. (3) The instruction given by the court at the request of plaintiff erroneous. McGowan v. Steel Co., 109 Mo. 518. (4) Two causes of action one upon contract and another in tort improperly joined in the petition and commingled in one count. Gerber v. McCoy, 23 Mo. App. 295; Phillips v. Flynn, 71 Mo. 424. (5) Recovery of judgment in circuit court for sum in excess of the amount of the justice of the peace court judgment not

permitted. Sec. 7579, R. S. 1909; Bridle et al. v. Grow, 42 Mo. 359; Gerber v. McCoy, 23 Mo. App. 295.

*Joseph Reilly* and *John A. Porter* for respondent.

REYNOLDS, P. J.—Plaintiff commenced his action before a justice of the peace in the city of St. Louis against the defendant, there filing an amended statement in which it is set out that he had entered into a contract with defendant for the removal of his (plaintiff's) furniture and household goods from one house in the city to two others; that defendant had delivered one load of the goods but refused to deliver another at the house designated, hauling this load to a vacant lot some 295 feet from destination and leaving them there over night and part of the next day, from which plaintiff himself afterwards removed them; that on account of defendant's refusal and of his leaving the goods, household furniture, on the vacant lot, exposed to the rain and to a blistering sun, various articles were damaged. It is further set out in this statement, that by reason of defendant's neglect to deliver the goods, plaintiff was obliged to hire men to carry them to his house and find board and lodging for himself and family for four days; that he had lost three days time in consequence of this, the latter items amounting to a sum of $19.75, the statement alleging that "for which plaintiff asks judgment in the sum of $19.75." The first count, as it may be called, of the statement following this concludes: "Wherefore plaintiff on account of the damage to his goods aforesaid and for his lodging, prays judgment against the defendant in the sum of $221." The further sum of $279 punitive damages is asked, it being charged that the acts complained of were committed wantonly, negligently and maliciously.

Defendant filed an answer to this in the justice's court, consisting of a general denial as also of a counterclaim of six dollars for hauling the two loads of furniture.

The trial before the justice resulted in a judgment in favor of plaintiff in the sum of $50 and against defendant on the counterclaim. From this judgment defendant appealed to the circuit court, where the case was tried before the court and a jury. At the beginning of the trial, defendant objected to any testimony on the ground, among others, that the amount involved was beyond the jurisdiction of the justice. Whereupon the circuit court permitted plaintiff to strike out from that statement the words, "for which plaintiff asks judgment in the sum of $19.75," and overruled the defendant's objection. The trial before the circuit court resulted in a verdict for $175 in favor of plaintiff, and against the defendant on the counterclaim, judgment following. From this defendant, interposing a motion for new trial as well as one in arrest, has appealed to this court.

It is very earnestly argued that it appears on the face of the statement that the amount sued for was beyond the jurisdiction of the justice and that two causes of action, one in contract and one in tort, were improperly united in one action. We do not think that either proposition is tenable. It is true that plaintiff asks judgment for $19.75, for $221 and for $279, a total of $519.75, which is $19.75 above the jurisdiction of the justice. It is true, as argued, that the same cause must be tried in the circuit court that was tried before the justice but we do not think the circuit court committed any error in allowing the amendment which struck out the prayer for judgment for the $19.75. Statements of causes of action filed with justices of the peace are to be construed with great liberality. Parties bringing their actions in those courts are not supposed to be learned in the law and the niceties of pleading required in the circuit court are not required before the justice. An examination of the items of damages claimed to the goods shows that they total $189.25; add to this the $19.75, which is itemized as the amount of expense

plaintiff was put to in consequence of the detention of the goods, lodging, etc., and it gives a total of $209; add to this the $279 claimed as punitive damages, and we have a total of $488, which amount was within the jurisdiction of the justice in the city of St. Louis. Inspection of the account set out by items in the body of the statement, makes it very clear that for the goods alleged to have been lost and damaged and for plaintiff's expense account he was only endeavoring to claim judgment for $221. That added to the $279 punitive damages asked, makes exactly $500, the amount within the jurisdiction of the justice, so that it seems quite plain from a reading of this, that the outside amount which plaintiff could have recovered did not exceed the jurisdiction of the justice. It is true that plaintiff prayed for this sum of $19.75, and apparently for $221. in addition. But on his account as itemized he could not possibly recover over $209. The prayer for judgment for $19.75 is so evidently a mere clerical error that we think the circuit court committed no error in permitting plaintiff to strike out the words, "for which plaintiff asks judgment in the sum of $19.75," and that doing so not only did not change the cause of action but left the statement to express what was very clearly in the mind of plaintiff as the amount he was entitled to and for which he was suing. We see no error in allowing this amendment. It certainly was in furtherance of justice and in our opinion did not contravene the statutes or the decisions, which require that the same cause and no other which was instituted before the justice must be tried before the circuit court on appeal. Like amendments have always been allowed in practice in our State.

That count of the petition which seeks punitive damages appears to have been abandoned, not only in the justice's court but in the circuit court, and as shown by the record in the case, as we read it, is out of the case. No instructions were asked or given on this

element, but the case went to the jury as one for damages arising out of the breach of a contract. We fail to see that two causes of action are set out.

The learned counsel for appellant very strenuously insists that having recovered a judgment for fifty dollars before the justice of the peace and not having appealed, plaintiff was limited to that amount of recovery in the circuit court, citing for this section 7579, Revised Statutes 1909; Bridle et al. v. Grau, 42 Mo. 359; Gerber v. McCoy, 23 Mo. App. 295. Without pausing to consider whether this contention, which must proceed on the theory that the justice did have jurisdiction, is consistent with the challenge to the jurisdiction of the justice, as made by counsel for appellant, we hold that the section of the statute referred to does not support this claim. That section very distinctly provides that a case on appeal to the circuit court from that of the justice shall be tried anew "without regarding any error defect or other imperfection in the original summons or the service thereof, or on the trial, judgment or other proceedings of the justice or constable in relation to the cause." This section of the statute has been construed in many cases and we know of no case which holds that either party on appeal was limited to the amount or concluded by the judgment of the justice in any manner whatever. It is true that in the Bridle case it is said: "There was no appeal taken from the judgment of the justice by the plaintiffs, and it may very well be assumed that the excess was remitted," the court adding, "At all events, they (plaintiffs) seem to have been satisfied with the amount of the judgment rendered, and the circuit court ought not to have gone beyond it." That expression is not only not necessarily within the decision in that case, but the decision itself, in seeming to hold that the question of the jurisdiction of the justice may be determined by the amount of judgment rendered, is so contrary to many decisions of our Supreme Court that we

cannot regard it as controlling. It is to be noted that
this case has never been cited and certainly never fol-
lowed in any subsequent case. In the light of the pro-
vision of the statute, that the trial is to be anew in the
circuit court, we do not understand the statute, or even
that decision, to mean that plaintiff, recovering a cer-
tain amount before the justice and the defendant ap-
pealing, precludes the plaintiff, on a new trial, from re-
covering more than was awarded him in the court of
the justice. If that is not true, then the appellant, who
was defendant below, would become plaintiff on appeal
to the circuit court and bound to show error, as in cases
of appeal to the appellate courts. But that is never the
case. The statute means just what it says, namely, on
appeal from the court of the justice to the circuit court,
the cause is there tried exactly as if instituted orig-
inally in the circuit court, it always being understood
that the same cause of action is tried in each court and
"without regarding any error . . . in the . . .
*judgment* . . . of the justice . . . ." That is
so well settled by cases almost without number that it
would be idle to attempt to cite them. There are very
many cases reported in which it appears that a party
recovers more on appeal than he did in the original
case. We know of no case in which it is even suggested,
unless it be the Bridle case, supra, that the respondent,
any more than the appellant, was bound by the amount
found by the justice. Gerber v. McCoy, supra, cited
by appellant, lends no support to the contention; on the
contrary it is distinctly said, referring to the statute
then and now in force, that the statute provides that the
same cause of action and no other than that which was
tried before the justice shall be tried before the appel-
late court upon appeal. "But," says the court, "it
does not provide that where a party tries several causes
of action before a justice at the same time, and in the
same suit, he is bound to retry them all on appeal, or

177 Mo. App. 45

else fail altogether. The plaintiff was under no obligation to join his causes of action in the same suit in the first instance, and he could abandon either of them, either before the justice, or in the circuit court, where the cause is tried *de novo*."

This disposes of the principal errors relied upon by the learned counsel for appellant, and it is hardly necessary to notice the other propositions further than to say that the objections to the testimony, and to the tendency of that testimony to support the verdict, are not tenable. There is another error assigned on the action of the trial court in refusing instructions asked by appellant. There was evidence in the case tending to show that plaintiff knew of the condition of the road over which the load of goods, the nondelivery of which was complained of, was hauled; that it was a new street and rendered soft by recent rains, and that while plaintiff knew of this condition of the street, he did not advise defendant of the fact. Defendant asked instructions to the effect that if plaintiff was aware of this condition and did not inform defendant of it and that it was in consequence of this that the goods could not be hauled to the place designated, then plaintiff could not recover. The court refused instructions along this line, and, as we think, correctly. The street was a public street and its condition at the time was as open to the knowledge of defendant as to that of plaintiff. There is no pretense of any misrepresentation in the matter on the part of plaintiff, and no pretense that he in any manner whatever, by his actions, words or conduct, misled the defendant. The latter undertook to haul the goods from one place to another for a stipulated price and to deliver them to a place designated and at a time designed. He failed in this. That his team became stalled in the new street and the wagon broke down—in point of fact it had broken down even before it started on the trip—seems to have been true. That plaintiff owed no duty to defendant as to inform-

ing him about the street being new, is clear. Furthermore, it appears from the evidence that the rain, which it is said made the new street soft, did not fall until after plaintiff had engaged defendant to do the hauling. It appears that defendant loaded up the goods the day before the rain, but that his wagon broke down and he kept the goods in the wagon on his premises the rest of that day and the succeeding night and started with them on the evening of the second day. In the meantime the rain fell. We do not see that plaintiff, under these facts, owed any duty to defendant to inform him of the changed condition of the road. That was as open to discovery by defendant as by plaintiff.

That defendant's driver unloaded the goods on a vacant lot and left them there that night and the next day, is clear. That they were damaged by reason of exposure to the action of the rain and of the sun, is also clearly in evidence.

Appellant complains that proper and legal proof of the amount of damage was not made. We cannot agree to this proposition. It is true that testimony as to the amount of damage came from plaintiff alone. But he showed to the satisfaction of the trial court that he was a competent witness as to the damage, and certainly showed by his testimony sufficient knowledge of the value of the goods and of the amount of loss and damage he had sustained to warrant the jury in accepting his testimony on that. The verdict is within the amount testified to as the amount of damage.

We find no reversible error in the case. The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.