Azlee BLESSING, Plaintiff-Respondent,

v.

Thurman J. BLESSING,
Defendant-Appellant.

No. 36961.

Missouri Court of Appeals,
St. Louis District,
Division Three.

July 6, 1976.

William R. Dorsey, Dorsey & Dorsey, Clayton, for defendant-appellant.

Fred A. Gossom, Theodore D. Ponfil and Michael S. Moran, Blumenfeld, Kalishman, Marx, Tureen & Paster, P. C., Clayton, for plaintiff-respondent.

SIMEONE, Presiding Judge.

This is an appeal by defendant-appellant, Mr. Thurman J. Blessing, from a judgment entered by the circuit court of St. Louis County on January 21, 1975, which dissolved the marriage of the plaintiff-respondent, Mrs. Azlee Blessing, and Thurman Blessing and which awarded the wife certain "marital property." This action was filed by Mrs. Blessing prior to the new dissolution law but was heard after the new law went into effect on January 1, 1974. The decree dissolving the marriage and dividing the marital property was entered after the effective date of the new law. For reasons hereinafter stated, we reverse the judgment and remand the cause for further proceedings.

This action was begun by Mrs. Blessing by the filing of a petition for "divorce" on August 3, 1972. An amended petition was filed on August 28, 1973, in which Mrs. Blessing alleged that the parties were married in 1969, separated in 1972 and alleged general indignities. The petition prayed (1) that the marriage be dissolved, (2) for alimony, both temporary and permanent, or in gross, (3) for suit money, court costs and attorney's fees, and (4) that "the Court will make such other and further orders, judgments and decrees in the premises as the Court shall find to be just and equitable." In due time, an answer was filed admitting certain of the allegations and denying the general indignities.

From the time of the original filing of the petition, innumerable motions were filed and heard, and many continuances were granted, although the record does not show at whose behest. Income and expense statements were filed. Interrogatories were filed and answered. Motions for ali-

mony "pdl" were filed and continued. On one occasion in 1974, the cause was continued because of the illness of the trial judge.

The cause was originally set for trial October 30, 1972, but the cause was continued on May 5, 1974, October 8, 1974, and on December 2, 1974. On December 2, 1974, the cause was again continued and reset for trial on January 16 and 17, 1975.[1]

On January 6, 1975, some ten days prior to the setting of the cause, the trial judge received a telephone call from Mr. Blessing's former attorney seeking leave to withdraw from the case, since he had been discharged by Mr. Blessing. Mr. Blessing was present in the attorney's office during the conversation. The court permitted the withdrawal but informed the attorney to advise Mr. Blessing that the cause had been specially set for January 16 and 17 and that the withdrawal would not entitle him to a continuance. On January 6, 1975, Mr. Blessing's attorney wrote to Mr. Blessing informing him that he had withdrawn and specifically informed him that

" ' . . .

'Your case is set specifically in Division # 12 of the Circuit Court of St. Louis County . . . on January 16, 1975 for trial. . . . During my conversation with the Judge concerning my withdrawal as your attorney, [the judge] specifically requested that you be notified that irrespective of my withdrawing, your case would be heard by the Court at the above specified time and that my withdrawing would not entitle you to a continuance of the case.' "

On the afternoon of January 15, 1975, the day before the trial was to begin, the judge received a letter from Mr. Blessing. The letter read as follows:

" 'Due to complications involving a recent accident, I feel that my present physical condition makes me unable to appear before you in the Case of *Blessing vs. Blessing* presently scheduled for January 16 and 17, 1975. You may verify my

present physical condition with my physician . . . . .

'In order to prevent an unnecessary expense and inconvenience to all of the people involved; I respectfully request a continuance of this case to a date after February 15, 1975, which is my next scheduled appointment with my physician.

'I have advised the attorney [for Mrs. Blessing] of my actions.' "

The letter was signed, sworn to and notarized. No statement or certificate from a physician accompanied the letter.

On the morning of the trial, January 16, 1975, Mr. Blessing did not appear, and no attorney appeared for him. Mrs. Blessing and her attorney, however, were present. For the record, the trial court explained the telephone call from Mr. Blessing's attorney and the letter he received from Mr. Blessing the day before and indicated "[t]his is not a continuance application in accordance with the Statutes, and if it is a continuance application by Mr. Blessing, it is denied. We will proceed."

The court proceeded to hear the testimony of Mrs. Blessing. She testified as to the various indignities, and testified as to the ownership of certain "marital property," including stocks and a mobile home. She testified that Mr. Blessing owned several hundred shares of stock in a particular company which was acquired "in the course of the marriage . . . ." She requested the court to award her the mobile home which was in joint names and one-half of the stock. She testified that she would waive any claim for maintenance in the event the court "should make a distribution of the marital property . . . ". She admitted that the marriage was "irretrievably broken."

On January 21, 1975, the court entered its decree dissolving the marriage and awarded the petitioner 414 shares of stock or one half of those allegedly acquired by Mr.

---

1. The memorandum stated, however, that "Petitioner and Respondent appear in person and by their respective attorneys[;] cause continued and reset for trial on January 16, 1974 [sic] at 9:30 a. m. and on January 17, 1974 [sic] at 10:00 a. m."

Blessing during the marriage, the mobile home and set apart to her as her sole property the shares of stock she owned in her own name. The court further ordered Mr. Blessing to execute the necessary documents to effect the transfers.

Within a week, present counsel for Mr. Blessing filed a motion for new trial, alleging that the court erred in (1) denying the written request and affidavit for a continuance because Mr. Blessing was physically incapacitated and unable to attend the trial, (2) depriving him of his right to a trial and to present his evidence since he had a meritorious defense, (3) depriving him of a trial "in violation of his constitutional rights," (4) dividing the marital property because on the "face of the pleadings" plaintiff was not entitled to such relief, (5) finding that the shares of stock were marital property because the certificates would show they were acquired prior to the date of the marriage, and (6) failing to set aside to Mr. Blessing his property, contrary to § 452.330, RSMo Supp.1973.

The motion was vigorously argued and all of the above matters were discussed. However, the motion was overruled, and this appeal was taken.

Appellant, Mr. Blessing, contends here that (1) the court erred in denying the continuance, (2) the court lacked jurisdiction to enter an order awarding the marital property to Mrs. Blessing because her petition did not request such a division, and (3) Mr. Blessing was deprived of his constitutional right to a trial in violation of Article I, Section 10 of the Missouri Constitution.

■ Our review in this case is governed by Rule 73.01, which directs us to review the case upon both the law and the

evidence, giving due regard to the trial court to judge the credibility of the witnesses. If we believe that the trial court erred in its decree it is our duty to enter such judgment as the trial court should have entered. *Murray v. Murray*, 538 S.W.2d 587, 588 (Mo.App.1976); *In re Marriage of Powers*, 527 S.W.2d 949, 954 (Mo.App. 1975); *Richardson v. Richardson*, 524 S.W. 2d 149, 151 (Mo.App.1975). The trial court's decree is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ We reject appellant's contention that the court erred in denying the continuance. While a litigant has a right to be present at his own hearing and the right to attend the trial, the principle is well established that the granting or denial of a continuance, even on the ground of illness, rests within the sound discretion of the trial court. Of course, that discretion must be judicial in nature and not arbitrary, and, although the ruling is reviewable on appeal, every intendment is in favor of the court's ruling.[2] Denial of a continuance is rarely reversible error.[3] The trial court has the right to control the docket and the progress of litigation. The grant or denial of a continuance is therefore discretionary. *State ex rel. Schaper v. Stussie*, 487 S.W.2d 49 (Mo.App.1972).

■ The enforced absence of a party to a cause is not always a reason for a continuance, and whether in a particular case it is a good reason or not is to be determined by

**2.** Rules 65.01, 65.03, 65.04, 65.05; *Savings Finance Corporation v. Blair*, 280 S.W.2d 675, 678 (Mo.App.1955), and cases cited therein; *Van Fleet v. Van Fleet*, 253 S.W.2d 508, 510 (Mo.App.1952)—divorce case—wife had higher than normal blood pressure; *Smith v. Smith*, 132 Mo. 681, 34 S.W. 471, 472–473 (1896)—sickness—no certificate from physician, only affidavit which did not disclose ailment; *Gregory v. Hansen*, 224 S.W. 82 (Mo.App.1920)—illness—absence of facts; *Owens v. Tinsley*, 21 Mo. 423 (1855)—illness; *McClellan v. McClel-*

*lan*, 97 S.W.2d 853, 854 (Mo.App.1936)—illness; *Albi v. Reed*, 281 S.W.2d 882, 886 (Mo. 1955)—sickness of client; 17 Am.Jur.2d, Continuance, § 18, pp. 137–140 (1964); Annot., 68 A.L.R.2d 470 (1959); 17 C.J.S. Continuances § 29, pp. 407–410 (1963); Annot., 4 A.L.R.Fed. 929, 946–951 (1970).

**3.** *Rottman Distilling Co. v. Van Frank*, 88 Mo. App. 50 (1901). Illness of a party is not ipso facto grounds for a continuance.

the trial court. *Riverside Lumber Co. v. Schmidt*, 130 Mo.App. 227, 109 S.W. 71, 72 (1908); *Erhart v. Todd*, 325 S.W.2d 750, 753 (Mo.1959); *Jones v. Jones*, 188 Mo.App. 220, 175 S.W. 227, 228 (1915).

■ We find no abuse of discretion under the circumstances of this case. Here, the cause had been reset a number of times, although there is no indication that it was at the request of the defendant, Mr. Blessing. Two specific days had been set aside for the contested trial; no certificate of a physician was attached to the "affidavit" of Mr. Blessing, cf. *Smith v. Smith*, supra, 34 S.W. 471; no real "facts" were stated in the affidavit [4] as required by § 510.090 and Rule 65.03; and no particular facts as to what Mr. Blessing would prove were stated in violation of § 510.100 and Rule 56.04.[5] A trial judge is under no obligation to seek out a physician to determine whether the party or a witness is suffering from an illness. Mr. Blessing was aware, when his attorney telephoned the judge, that the trial was to be held on January 16, 1975, even though his attorney was allowed to withdraw. He had over a week to employ a new attorney to represent him and be present at the hearing if he were unable to attend.

Under all the circumstances, we cannot conclude that the trial court abused its discretion in denying the continuance the day before the hearing was set.

■ The second point raised by the appellant is more troublesome. The precise issue is whether, when a petition for "divorce" is filed prior to the effective date of the new dissolution law [6] praying for a "divorce," alimony and attorney's fees but not

for a division of property, and a hearing is held after the effective date of the new law, the court may order a division of the marital property in the absence of an amendment of the petition specifically praying for a division of the marital property. It is true that the petition for "divorce" contained a prayer for "divorce," "alimony," suit money and attorney's fees, and a "general prayer" for relief, but it did not specifically request a division of the marital property.

Section 452.310 provides that the petition in a proceeding for dissolution of marriage *shall* allege and set forth various matters including "the relief sought." § 452.310, subsection 2(6). But, section 452.330, subsection 1, imposes a duty on the court to "divide the marital property in such proportions as the court deems just . . . ." On the one hand, it could be argued that without a specific prayer for distribution the court is required to divide the marital property, and on the other, that before a division is made it must be requested in accordance with § 452.310, subsection 2(6).[7]

Prior to the effective date of the dissolution law, our courts were not authorized to adjudicate property rights or to divest title to property, real or personal, from one party and vest it in the other. *Bishop v. Bishop*, 151 S.W.2d 553, 556 (Mo.App.1941); *Rhoads v. Rhoads*, 342 Mo. 934, 119 S.W.2d 247 (1938); § 452.070, RSMo 1969, repealed L.1973, HB 315, § A; *Aylor v. Aylor*, 186 S.W. 1068 (Mo.1916); *Fisher v. Fisher*, 207 S.W. 261 (Mo.App.1918); *Watts v. Watts*, 304 Mo. 361, 263 S.W. 421 (Mo.1924); cases collected in note 73, § 452.070, V.A.M.S. (1952).[8]

4. Compare *Gregory v. Hansen*, supra, 224 S.W. 82; *Kyger v. Koerper*, 207 S.W.2d 46 (Mo.banc 1946).

5. Cf. *Gregory v. Hansen*, supra, 224 S.W. 82— ". . . An application for a continuance, which does not state what particular facts the absent one, party or witness, would prove, if present, could not in any case be sufficient. . . ." 224 S.W. at 82; *Carr v. Carr*, 308 S.W.2d 357 (Mo.App.1957), implies that the affidavit applies to a party.

6. §§ 452.300–452.415, RSMo Supp.1973.

7. Section 303 of the Uniform Marriage and Divorce Act also requires that the verified petition shall set forth, inter alia, the "relief sought."

8. "Specific property may be awarded to either party upon the granting of a divorce if done by a stipulation of the parties." Missouri Family Law (Mo.Bar CLE), ch. 12, Divorce, p. 218 (1970); note 67, § 452.070, V.A.M.S. (1952);

But under the new law it is incumbent upon the trial court to "divide the marital property in such proportions as the court deems just . . . ." § 452.330.[9] The question therefore is whether the trial court may make a division of the marital property[10] when the original petition filed prior to the effective date of the new law does not request division and no amendment praying for such division of marital property is made.

Rule 55.05 requires that a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader deems himself entitled. This rule continues the practice of "fact" pleading in existence prior to the adoption of the Rules of Civil Procedure. In this respect, our practice differs from the philosophy of the Federal Rules of Civil Procedure authorizing "notice pleading." Fed.R.Civ.P. 8(a).

■ The pleadings in Missouri continue to be of the greatest utility in defining the issues of a case. *Gerber v. Schutte Inv. Co.*, 354 Mo. 1246, 194 S.W.2d 25, 28 (1946). The pleadings perform the function of defining the issues and informing the defendant what allegations must be met. While it has been stated that the prayer forms no part of the claim, under a general prayer for relief, only such relief may be granted which is within the scope of the pleadings and the evidence between the parties.[11] And many decisions hold that where the defendant in a "divorce" case does not appear at trial, the plaintiff is confined to the facts stated in the petition and to the specific relief prayed.[12]

We believe this to be a sound principle. We believe that the requirement of § 452.-330 that the trial court "shall divide the marital property" must be read in conjunction with § 452.310, subsection 2(6). When read together, the trial court is required to divide the marital property when such relief is requested in the petition or in an amended petition.[13]

■ While this case does not present a classic default judgment situation, the facts are analogous to a default case. Although the defendant here was served and answered, he was not present at the hearing on January 16, 1975. It has always been the rule that in a default case the petitioner is not entitled to relief beyond that requested in the petition. § 511.160; Rule 74.11; *White v. McFarland*, 148 Mo.App. 338, 128 S.W. 23 (1910).

*North v. North*, 339 Mo. 1226, 100 S.W.2d 582, 584, 109 A.L.R. 1061 (1936).

**9.** Subsection 4, § 452.330 provides that "[t]he court's order as it affects distribution of marital property shall be a final order not subject to modification."

**10.** We do not deal with the question of custody of children or support or maintenance. Section 452.375 requires the trial court to "determine custody in accordance with the best interests of the child. . . ."

**11.** See cases collected in 23 Mo. Digest, Pleading, (1962), and notes 32 and 33, § 509.050, V.A.M.S.; *Homan v. Employers Reinsurance Corporation*, 345 Mo. 650, 136 S.W.2d 289, 127 A.L.R. 163 (1939); *Caldwell v. Eubanks*, 326 Mo. 185, 30 S.W.2d 976, 72 A.L.R. 621 (1930); *Willman v. Beheler*, 499 S.W.2d 770, 778 (Mo. 1973). The principle that may be deduced is that a general prayer for relief broadens the range of relief only in situations in which the relief is based upon, or clearly related to, the allegations and the prayer. In this case, at the time of filing the divorce the court had no power to divide property, and the division of property was not directly related to the allegations in the petition.

**12.** *Rogers v. Rogers*, 35 Idaho 645, 208 P. 234 (1922); *Remington v. Superior Court*, 69 Cal. 633, 11 P. 252, 253 (1886); *Kinsey v. Kinsey*, 143 W.Va. 574, 103 S.E.2d 409, 414 (1958) [statute]; *Kitchens v. Kitchens*, 162 So.2d 539, 542 (Fla.App.1964); 24 Am.Jur.2d, Divorce and Separation, § 938, pp. 1072–1073 (1966); Annot., 152 A.L.R. 445, 456 (1944), and 12 A.L. R.2d 340, 344 (1950); see discussion in 27B C.J.S. Divorce § 299(4), pp. 325–328 (1959).

**13.** In *Remington v. Superior Court*, supra, 11 P. at 253, it is stated: ". . . We apprehend that in an action for divorce, if a disposition of property is sought, there should be some pleading (either by the original complaint or by supplemental pleading) by which an issue as to such property would be tendered. . . ."

In the posture of this case, and under the unique facts presented, we hold therefore that where (1) the petition did not state facts material to a division of the marital property, (2) the petitioner did not pray for a division of marital property in the original or amended petition, (3) the respondent was not present at the hearing and no evidence was presented which would, under the rules, amend the petition to conform to the proof, or there was no substantial evidence to show that the appellant had a clear knowledge that the marital property was to be divided, and (4) there has been a drastic change in the new dissolution law giving the courts power to divide property where none existed previously—the appellant-husband should be provided an opportunity to be heard on the issue of the division of the marital property. Particularly is this true when appellant here asserts that evidence may well show that the property divided by the court was not marital property under § 452.330 and was acquired prior to the marriage. Under all the circumstances, we hold that the appellant should have such opportunity to be heard on the issue of the division of the marital property.

As to appellant's third point, we find it to be without merit, since it was not preserved for review.

We have read the transcript, the authorities relied upon by both parties and believe that the cause should be reversed and remanded for a hearing on the issue of the division of marital property.

The judgment is reversed and the cause remanded for a hearing on the issue of the division of marital property.

KELLY and GUNN, JJ., concur.