**Janet IJAMES, Appellant,**

v.

**Berry IJAMES, Respondent.**

No. 55084.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 27, 1989.

Milton W. Schaeffer, Olivette, for appellant.

Hale W. Brown, St. Louis, for respondent.

SMITH, Presiding Judge.

Wife appeals from a dissolution decree. We affirm.

Wife filed her petition 12 for dissolution on September 1, 1987. Husband filed his answer and cross-bill for dissolution on October 8, 1987. On October 19, 1987, wife's pendente lite motion was heard. The court ordered husband to make payments on an automobile utilized by wife and to maintain insurance on the vehicle. He was also ordered to pay wife $30 per week temporary maintenance, to make mortgage payments on wife's residence, and to pay $400 in attorney's fees. On February 8, 1988, the dissolution case was set for trial on June 2, 1988. Both parties were notified of the setting.

On June 2 neither wife nor her attorney, Milton Schaeffer, appeared. The trial court stated that the attorney had called that morning and reported to the clerk and the court "that he did not know where his client is, that he has stitches in his head, that there has been no filing of an update in accordance with certain statements by Mr. Brown [husband's attorney] … and number four, he's going to participate in the senior Olympics called Gold Racquetball today." No written motion for continuance had been filed prior to the trial setting. The court proceeded on husband's cross-bill and after hearing entered judgment.

On June 3 wife filed a motion to set aside that judgment and decree. That motion was denied when neither she nor her attorney were present for the hearing on the motion on June 22. On June 28 wife filed a motion to set aside the order of June 22. A hearing was held on that motion on June 30 and the motion was denied.

At the hearing, counsel for wife advised that he had been playing racquetball on June 1 and was injured requiring him to have stitches in his head. He stated that the clerk had misunderstood and that he was not playing racquetball on June 2 but rather on the night before when he was injured. He further stated that he was under subpoena to appear in another court on June 2. Counsel for wife did not state how much before June 2 he had been served with the subpoena, he did not produce the subpoena and he presented no medical evidence of his injury or treatment.

■ Wife's primary point on appeal is that the trial court erred in refusing to grant a continuance upon her counsel's telephone request on the morning of trial. Granting or denial of a continuance rests within the sound discretion of the trial court, but such discretion must not be arbitrarily exercised. *Blessing v. Blessing*, 539 S.W.2d 699 (Mo.App.1976) [3, 4]. Because the trial judge has the obligation to control the docket and the progress of litigation the denial of a continuance is rarely reversible error. *Id.* Rule 65.03 provides the procedure for applying for a continuance. That procedure was not followed here. Wife's subsequent motions to set aside the judgment did not delineate any specific reasons why the continuance had been necessary and her affidavit in support was also devoid of specifics. Both motions and the affidavit referred only to "inadvertence and miscommunication" as the reason for the non-appearance of her and her attorney at the original trial setting. At the hearing no evidence was presented to support the reasons then advanced to support a continuance. We find no abuse of the trial court's discretion.

■ Wife also challenges the distribution of property, the court's refusal to award her maintenance and its refusal to award her attorney's fees. We have reviewed the record in this case and find no merit to any of these claims. There was evidence to support the distribution of property from which wife received largely unencumbered property and husband received largely encumbered property and

the obligation to hold wife harmless from those encumbrances. There was evidence that wife had rental income and was employed. There was no evidence of what legal services had been rendered that were not covered by the pendente lite award.

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.