Jeanne E. HARRIS, Plaintiff-Appellant,

v.

Harold F. HARRIS, Jr., Defendant-Respondent.

No. 34817.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 6, 1973.

Brown & Phillips, Edina, Scholz & Staff, Quincy, Ill., for plaintiff-appellant.

Rendlen & Rendlen, Hannibal, for defendant-respondent.

PER CURIAM.

This is an appeal by plaintiff-appellant, Jeanne E. Harris, who was awarded a decree of divorce from defendant-respondent, Harold F. Harris, Jr. in the Circuit Court of Ralls County on June 22, 1972.

Prior to the argument, respondent filed a motion to dismiss the appeal on the ground that the appellant-wife has accepted the benefits and payments of her judgment for alimony, child support and attorneys' fees pending appeal and is thereby precluded from pursuing her appeal.

After a counter affidavit to respondent's motion to dismiss the appeal was filed by the attorney for appellant reciting that an agreement had been reached whereby respondent would pay to appellant the awards made by the trial court while the appeal was pending, the parties stipulated in this court that the respondent's motion to dismiss the appeal should be withdrawn and that Points I and II of the respondent's brief relating to whether the appellant is precluded from pursuing her appeal are to be considered moot.

Appellant appeals from the decree contending that the trial court erred in that: (1) the periodic alimony award to the plaintiff was insufficient, (2) the support for the two minor children awarded was inadequate, (3) the court did not award plaintiff a reasonable sum as alimony in gross, and (4) the award of attorneys' fees was inadequate.

We have read the entire transcript furnished us, examined all of the exhibits of the plaintiff and the appellant, read the briefs and all cases cited by each party, and conclude that: (1) the decree rendered by the trial court was supported by the evidence and exhibits, (2) taking into consideration all the evidence, the stipulation agreed to by the parties and the responsibilities of the respondent regarding the two minor children which were incorporated into the decree, there was no manifest abuse of discretion by the trial court, relating to alimony, child support and attorneys' fees, and the judgment is not clearly erroneous, (3) that a detailed recitation of all the facts, figures and evidence would serve no useful purpose for the disposition of this cause, and (4) that a lengthy opinion would have no precedential value, the rules relating to this type of case having often been repeated. We are convinced that the judgment and decree should be affirmed. Rule 84.16, V.A.M.R.

The Judgment is affirmed.

All the Judges concur.