D———— I———— M————, **Defendant-Respondent,**

v.

P———— D———— M————, **Plaintiff-Appellant.**

**No. KCD 28453.**

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

Michael Paul Harris, St. Joseph, for plaintiff-appellant.

**238**

James H. Counts, Stephen J. Briggs, Morton, Reed & Counts, St. Joseph, for defendant-respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

The father appeals the refusal of the trial court to modify a dissolution decree so as to award custody of his minor son to him.

On this appeal, the father contends the increase in the age of the child alone is sufficient to justify modification, and error in refusing to find the mother was morally unfit to retain custody. Affirmed.

The father introduced evidence by one D_____ C_____ that D_____ C_____ had engaged in a continuous course of immoral conduct with the mother for three months, in the mother's home, while the five-year old was present. According to D_____ C_____, these affairs took place after he left work at around midnight. The father also produced a neighbor of the mother who testified to seeing a car of the same color as that driven by D_____ C_____ parked near the mother's home late at night on occasion, and on occasion early in the morning. The father also produced another man who stated he had visited the mother in her home, but denied any improper conduct with her.

The father testified he had remarried and was able to furnish a good home for the child. His new wife also testified as to her willingness to take the son into her home.

There was no evidence of neglect or maltreatment on the part of either the father or mother of the child.

The mother categorically denied any improper conduct, although she admitted she knew Mr. C_____ and that he had, on occasion, been in her home late at night.

At the conclusion of the evidence, the able trial judge made the following statement:

"Well, these are unfortunate circumstances. I can appreciate Mr. M_____'s concern. If I had been in his shoes, I can't help but think the child would be better off in the M_____ home, because the wife is there, the two of them, and it's a better situation.

"However, as I understand the law to be, I do not have the right to make a change unless there has been some change in circumstances since the marriage that would indicate such change was adverse to the child, on the part of the custodian; that would be on the part of Mrs. M_____.

"The only thing in here that I can see that would justify that would be the testimony of Mr. C_____; and the whole case hinges on his testimony, in my opinion. And I don't know for sure; I'm not a person that can see through the fog to say that the truth is all the time, but I must say during his testimony I had the feeling that maybe he was testifying more from wishful thinking than from fact. I could be wrong. But the burden is on the movant in this case to convince me by at least a preponderance of the evidence that what Mr. C_____ said was true, and I cannot with any confidence say that I believe Mr. C_____, especially about the matters that she denied, so movant's motion will be denied. Costs taxed against the movant."

The scope of review in this case is set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Under that standard the judgment will be sustained unless there is no substantial evidence to support it or unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

The first ground urged for reversal is the increase in age of the child between the time the dissolution was ordered and the custody vested in the mother and the date of the hearing on the motion to modify. It should first be noted only a period of about ten months elapsed between these two events. Further, there was no evidence the increase in the age of the child had brought about any circumstances which would make it in his best interest to change his custody. There was no substantial evi-

dence to support a modification on this ground. Further, this ground was not presented to the trial court. The judgment may not be modified on that ground.

The main issue in the trial court, as is apparent from the statement of the court, was the question of the moral fitness of the mother to continue as the custodian. To find such unfitness it was necessary for the court to believe Mr. C_____, and as shown by the court's statement, the court did not believe this witness.

Rule 73.01 requires this court to give due regard to the opportunity of the trial court to judge the credibility of witnesses. As stated in *Labor Discount Ct. v. State B. & T. Co.*, 526 S.W.2d 407, 421[4, 5] (Mo.App. 1975):

> "Secondly, when the determination of the issues presented at trial rests primarily upon the weight to be accorded oral testimony and rests upon the credibility of the witnesses whose testimony is in many instances conflicting it is peculiarly appropriate that deference be accorded the findings and judgment of the trial court."

The appellate court will "defer to the findings of the trial court upon salient factual issues where the evidence thereon is in irreconcilable conflict and the determination thereof necessarily must rest upon the credibility of the witnesses and the weight to be accorded to their testimony." *Schreck v. Parker*, 388 S.W.2d 538, 545[14–16] (Mo. App.1965).

Here the crucial evidence from which the court had to determine the moral fitness of the mother stood in irreconcilable conflict. The testimony of Mr. C_____ and the mother stand in direct contradiction. In this circumstance, this court must accept the finding of the trial judge as to the credibility of Mr. C_____. It is impossible, from a cold record, for this court to judge the credibility and believability of Mr. C_____.

The trial court passed on the credibility of the witness and disbelieved the father's evidence concerning the immoral conduct of the mother. There is substantial evidence to support the finding of the trial court and this court cannot say the judgment is against the weight of the evidence.

In the absence of any evidence which would show any other reason to overturn the trial court's findings, the judgment is affirmed.

All concur.