**In re The MARRIAGE of Ruth Geraldine FOUTS, Appellant,**

**and**

**Cordell George Fouts, Respondent.**

**No. 38268.**

Missouri Court of Appeals,
St. Louis District.

June 14, 1977.

James L. Anding, Pacific, for appellant.

Joel W. Case, Manchester, for respondent.

DOWD, Judge.

Appellant-mother appeals from the trial court's order changing child custody to the respondent-father.

In brief, the facts are that the parties were divorced on July 10, 1972. The respondent did not appear in the divorce proceeding initiated by the appellant. The divorce decree awarded custody of the parties' children, Gary Wade Fouts and Alice Lynn Fouts, ages 8 and 2 at the time of the divorce, to the appellant.

On March 31, 1976 respondent filed a petition to modify the divorce decree based on a change of circumstances.

At the trial the evidence showed that the minor children were in the actual custody of respondent at the time of the divorce and that appellant permitted the children to remain with respondent for three years following the divorce. During this three year period the wife would have temporary custody of the children.

Each party introduced evidence reflecting the social habits of the other. Both parties were accused of sexual misconduct and periodic drinking. There was substantial evidence that the respondent was a good cook, housekeeper and parent. The testimony included the parties' son, Gary Wade Fouts, who expressed a strong desire to live with the respondent.

At the conclusion of the testimony, the trial court granted the petition for a change in custody. The respondent was awarded primary custody of the parties' two children, and the appellant received visitation rights. Appellant filed a timely notice of appeal.

Appellant raises one issue on appeal. Appellant contends the evidence did not show a change of circumstances.

We have read the transcript, the briefs, and the authorities cited therein and have concluded that the order changing custody of the parties' children to the respondent is supported by substantial evidence and is not against the weight of the evidence. We further conclude that the order does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976).

We further believe that an opinion would have no precedential value and therefore affirm in accordance with Rule 84.16(b).

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.