**Carolyn KEATON, Petitioner-Respondent,**

**v.**

**Alvie Ward KEATON,
Respondent-Appellant.**

**No. 10298.**

Missouri Court of Appeals,
Springfield District.

Aug. 16, 1977.

Motion for Rehearing or to Transfer
Denied Sept. 2, 1977.

Hal E. Hunter, Jr., Hunter & Hunter, New Madrid, for plaintiff-respondent.

Albert C. Lowes, Buerkle, Buerkle & Lowes, Jackson, for defendant-appellant.

J. Max Price, Salem, for petitioner-respondent.

Robert W. Meyers, Shaw, Howlett & Schwartz, Clayton, for respondent-appellant.

STONE, Judge.

This action was instituted on June 17, 1975, by the filing of a petition in which the wife prayed, inter alia, that her marriage to defendant-respondent be dissolved. Upon trial in the Circuit Court of Texas County, judgment was entered on March 1, 1976, which dissolved the marriage, awarded to the wife custody of the only child of the marriage, Robert Edward Keaton, born August 30, 1973, and $25.00 per week child support, denied the husband visitation rights until further order of the court, enjoined the husband from molesting the wife or remaining in the vicinity of her home, awarded to the wife a note executed by Jim and Ruby Mooney which was secured by a deed of trust, allowed petitioner's attorney a $100 fee which the husband had promised to pay in a prehearing agreement dated December 15, 1975, taxed against the husband all costs including $500 as an additional attorney's fee, and awarded all other property to the husband. The husband appealed and here claims the trial court erred in granting the petitioner custody of the minor child, in denying the husband visitation rights, in awarding child support and the amount thereof, in enjoining the husband from molesting the wife and going near her home, and in the distribution of marital property.

In this court-tried case, we review both the law and the evidence, and it is our duty to sustain the decree unless there is no substantial evidence to support it, or the decree is against the weight of the evidence, or in rendering judgment the trial court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32(1) (Mo.banc 1976); *Jaeger v. Jaeger*, 547 S.W.2d 207, 208(1) (Mo.App. 1977); *Blessing v. Blessing*, 539 S.W.2d 699, 702(2) (Mo.App. 1976).

Evidence was introduced anent the social habits of both parties and the hostility exhibited by the parties when they encountered each other subsequent to their separation; and the wife and other witnesses testified concerning the husband's violent proclivities, including threats against the life and well-being of the wife. Having considered this and all other evidence, having carefully studied the trial transcript and the briefs of both parties, and having meticulously examined the authorities cited therein, we conclude that the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence, that no error of law appears, and that an extended opinion would have no precedential value. Therefore, the judgment nisi is affirmed. Rule 84.16(b) V.A.M.R. See *Fouts v. Fouts*, 553 S.W.2d 488 (Mo.App. 1977); *Dickey v. Dickey*, 553 S.W.2d 889 (Mo.App. 1977); *Czapla v. Czapla*, 552 S.W.2d 286 (Mo.App. 1977); *Harris v. Harris*, 501 S.W.2d 854 (Mo.App. 1973); *Long v. Long* 501 S.W.2d 502 (Mo.App. 1973).

BILLINGS, C. J., and HOGAN, TITUS and FLANIGAN, JJ., concur.