Cindy S. KIPP, Petitioner-Appellant,

v.

Frank W. KIPP, Respondent.

No. KCD 29625.

Missouri Court of Appeals,
Kansas City District.

Aug. 28, 1978.

Don C. Pierce, Downs & Pierce, St. Joseph, for petitioner-appellant.

Kranitz & Kranitz, St. Joseph, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

A dispute involving change of custody of a minor child. Upon a full hearing, the court changed the custody from the mother to the father. The mother raises as a single issue on her appeal that insufficient evidence was presented to show a change in circumstances that affected the welfare of the child.

Review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976); *In re Marriage of Fouts,* 553 S.W.2d 488 (Mo.App. 1977); *D___ I___ M___ v. P___ D___ M___,* 548 S.W.2d 237 (Mo.App.1977).

In brief array, the evidence which supports the trial court order shows that the father has remarried, has a proper home, and can provide a stable home life. The mother's life-style has changed since the marriage. Within the year since the dissolution decree, the child was left in the care of a grandmother in excess of one hundred different nights during the year and, on a variety of occasions, the child was picked up by the mother at very late hours after she returned from the nocturnal excursions which evidenced her change of life-style.

Finding substantial evidence to support the trial court's order and deferring under the rule of *Murphy v. Carron, supra,* to that finding, unless this court has a firm belief that the decision was wrong, the trial court's order should be affirmed. An extended opinion would have no precedential value. Rule 84.16(b). Judgment affirmed.

All concur.