In re the MARRIAGE of Val Dean OSTRANDER and Georgia Ann Ostrander.

Val Dean OSTRANDER, Petitioner–Appellant,

v.

Georgia Ann OSTRANDER, Respondent–Respondent.

No. WD 31249.

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

Jerry W. Venters, Pros. Atty., Jefferson City, for petitioner–appellant.

Ronald J. Prenger, Jefferson City, for respondent–respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

**484**

TURNAGE, Presiding Judge.

The court dissolved the marriage of Val Dean Ostrander and Georgia Ann Ostrander on the petition of Val Dean. The court granted custody of the minor child to Georgia. Val Dean has appealed the award of custody and contends the court failed to consider the factors enumerated in § 452.-375, RSMo 1978, and the award is against the weight of the evidence. Affirmed.

Val Dean is a prisoner in the Missouri State Penitentiary under a sentence of 25 years for assault with intent to kill. His release date is early 1988. Although he conceded he could not exercise custody of the boy, he wanted the court to award custody to his brother in Texas. Val Dean sought to impute the fitness of Georgia to have custody of their five year old son principally through the testimony of a fellow prisoner. Georgia denied the conduct described by that prisoner. On the conflict in the evidence, the court found Georgia should have custody of the child.

There is nothing in the record to indicate the court failed to consider the factors listed in § 452.375. Further, the court resolved the conflict in the evidence in favor of Georgia. In that situation, this court will defer to the finding of the trial judge as to the credibility of the witnesses. *D.I.M. v. P.D.M.*, 548 S.W.2d 237, 239[2, 3] (Mo.App.1977).

A careful review of the record reveals substantial evidence to support the judgment and it is not against the weight of the evidence. An extended opinion would have no precedential value. The judgment is affirmed. Rule 84.16(b); *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976).

All concur.